Affirmed and Memorandum Opinion filed May 12, 2011.

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00003-CV



 

Carol Gantt, Appellant

V.

Ruby Getz, Individually, Alan
J. Getz, Deceased, by and through Ruby Getz, as Independent ExecutriX, RAM Enterprises,
Inc., Getz Family Partnership, LTD., Sign Services & Products, Inc., Signs
by Sun-Up, Inc., C&G Classic Cars, Inc., ARCHITECTURAL SIGNAGE CORP. OF
AMERICA, AMERICAN nOVELTY cO., pIEDMONT CONTRACTORS, INC., JANICE FOSTER GANTT,
JERRY GANTT, AND FROST NATIONAL BANK,
Appellees

 



On Appeal from the Probate Court
No. 4

Harris County, Texas

Trial Court Cause No. 309322-401



 

MEMORANDUM  OPINION

 

Appellant Carol Gantt filed this suit against her
former husband, Jerry Gantt, as well as Ruby Getz, individually, Alan J. Getz,
deceased, by and through Ruby Getz, as Independent Executrix, Ram Enterprises,
Inc., Getz Family Partnership, Ltd., Sign Services & Products, Inc., Signs
By Sun-Up, Inc., C&G Classic Cars, Inc., Architectural Signage Corp. of America,
American Novelty Co., Piedmont Contractors, Inc., Janice Foster Gantt, and
Frost National Bank (collectively, “appellees”).  Carol alleges that the
appellees conspired to defraud the community estate of assets she was awarded
when she and Jerry divorced.  The trial court dismissed the case for want of
prosecution nine years later.  We affirm.

BACKGROUND

This appeal takes place after the conclusion of protracted
divorce and bankruptcy litigation between Carol and Jerry.  To construct the
general history of these prior proceedings, we rely on certain undisputed facts
recited in our previous opinion in the divorce litigation in Gantt v. Gantt,
208 S.W.3d 27 (Tex. App.—Houston [14th Dist.] 2006, pet. denied), as well as
the Fifth Circuit’s opinion in the bankruptcy litigation in In re Gantt,
284 Fed. App’x 151 (5th Cir. 2008) (per curiam). 

I.         Divorce Litigation

Jerry and Carol were divorced by a decree issued on October
30, 1996.  Gantt, 208 S.W.3d at 29.  The Thirteenth Court of Appeals
affirmed the divorce decree on appeal, but reversed and remanded certain claims
that had been dismissed by the trial court.  Id.  The trial court vacated
the 1996 divorce decree on remand, held another jury trial, and entered a new
divorce judgment on March 31, 2003.  Id.  This court held on appeal that
the trial court lacked jurisdiction to vacate the 1996 divorce decree, retry
the case, and enter a new divorce judgment.  Id. at 31.  This court
dismissed the appeal, vacated the new judgment, and reinstated the 1996 divorce
decree.  Id.  The Texas Supreme Court denied the petition for review on
June 1, 2007.  We issued our mandate to the trial court on August 31, 2007.

II.        Bankruptcy Litigation

Jerry filed a Chapter 7 bankruptcy petition in 1996. 
Id. at 29.  Carol sought a determination in that proceeding that Jerry’s
obligations under the 1996 divorce decree were exempted from discharge.  In
re Gantt, 284 Fed. App’x at 152.  The final bankruptcy judgment was
appealed to the federal district court, which reversed in part.  Id. 
The Fifth Circuit held the appeal in abeyance pending a final resolution of the
divorce litigation in state court.  Id. at 151.  Upon receiving
confirmation from counsel for both Jerry and Carol “that nothing remains to be
done” in the divorce litigation, the Fifth Circuit reinstated the appeal and
affirmed the judgment of the federal district court.  Id. at 151–52.  The
Fifth Circuit remanded the case with directions for the bankruptcy court to
enter a new final judgment in conformity with the federal district court’s
decision.  Id. at 153.  The bankruptcy court entered a final judgment on
August 28, 2008.

III.      Present
Litigation

Carol filed her original petition in this case on May
25, 2000.  She claimed, among other things, that Jerry and the other appellees
conspired to defraud the community estate of assets she was awarded when she
and Jerry divorced.  The appellees moved to abate this suit in September 2000. 
They argued that the case should be abated because the claims in Carol’s
pleading are the same as the claims remanded by the Thirteenth Court of Appeals,
and the remanded claims were still pending in the divorce litigation at that
time.  The trial court signed an order of abatement on October 20, 2000.  The
order states: 

IT IS ORDERED
that this cause is hereby abated until a judgment as to all issues and causes
of action becomes final in the [divorce] proceeding pending in the 245th
Judicial Court of Harris County, Texas under Cause No. 1995-020186, styled In
the Matter of the Marriage of Jerry Gantt and Carol B. Gantt.  

In 2003, Carol filed a motion to lift the abatement,
which the trial court denied.  The trial court periodically requested updates
on the status of the other litigation, which Carol provided in 2005, 2006, and
2007.  Carol re-urged her request that the trial court lift the abatement in
her 2005 and 2006 status reports.    

The trial court sent the following notice of
dismissal for want of prosecution (“DWOP notice”) to the parties on September
2, 2009:

Notice is
hereby given that a hearing is scheduled for Tuesday at 11:00 A.M., OCTOBER 6,
2009, for Dismissal for Want of Prosecution of the PLAINTIFF’S ORIGINAL
PETITION, filed on 5/25/2000.  If you do not wish for this matter to be
dismissed from the Court’s docket, you are hereby notified to appear and
present a Motion to Retain which will be heard by the Court at that time.  Your
failure to appear will result in dismissal by the Court pursuant to Rule 165a
of the Texas Rules of Civil Procedure and the Court’s inherent power.

Carol appeared and filed a
motion to retain, requesting that the trial court “retain the matter on its
docket, lift the abatement, and allow the parties to proceed with the
litigation set forth in Carol Gantt’s pleadings.”  She asserted that the
divorce and bankruptcy litigation had become final, and that there was “no
longer a legitimate basis to abate this matter.”  The trial court denied the
motion to retain and dismissed the case on October 7, 2009.  The trial court
stated in its dismissal order: “The Court finds that notice of this dismissal
was properly given to all necessary parties; and that the Plaintiff appeared
and has failed to prosecute this matter and has failed to show good cause for
such failure.” 

Carol filed a motion to reinstate, arguing that she
did not fail to prosecute the case because she repeatedly asked the trial court
to lift the abatement.  She argued that the  “litigation involving the original
1996 Judgment” did not end until the federal bankruptcy court issued its August
28, 2008 judgment.  She stated in her motion:

[T]he
Court is allowing the Defendants to benefit from their years of obstreperous
foot dragging.  It is simply unfair to dismiss the matter despite Carol Gantt’s
multiple attempts to lift the abatement and have this matter adjudicated.
                        *                                  *                                  *

Carol Gantt
has simply been waiting and continues to wait for this Court’s lifting of its
abatement.  

The trial court denied the
motion to reinstate, and Carol filed a timely notice of appeal.

ANALYSIS

Carol argues in her first issue on appeal that the
trial court abused its discretion in dismissing the case for want of
prosecution because (1) the trial court did so without first lifting the
abatement; and (2) “the entire history of the case exemplifies the
reasonableness of the delay in this matter.”  She argues in her second issue
that the trial court erred in denying her motion to reinstate the case.  She
argues in her third issue that the DWOP notice did not sufficiently inform
Carol that the case could be dismissed if she did not show good cause for
failing to prosecute the matter.  We address Carol’s issues out of order.  

I.         DWOP Notice

Carol argues in her third issue that the trial court
erred in dismissing the case because the trial court’s DWOP notice was
inadequate.  She claims that the DWOP notice did not inform her that the trial
court would dismiss the case if she did not show good cause for failing to
prosecute the case with due diligence.  She contends that the DWOP notice only
informed her that the trial court would dismiss the case if she did not “appear
and present a Motion to Retain” at the scheduled hearing, which she did.  She
further argues that the DWOP notice “referred only to a motion to retain; it
did not specify any particular content.”  

The trial court must provide a party with notice and
an opportunity to be heard before the trial court can dismiss a case for want
of prosecution.  Villareal v. San Antonio Truck & Equip., 994 S.W.2d
628, 630 (Tex. 1999).  The failure to provide adequate notice of the trial
court’s intent to dismiss for want of prosecution requires reversal.  Id. 
A notice of dismissal must inform a plaintiff of the exact reason for
dismissal; otherwise, it violates the party’s due process rights.  3V, Inc.
v. JTS Enters., Inc., 40 S.W.3d 533, 543 (Tex. App.—Houston [14th Dist.]
2001, no pet.) (citing Villareal, 994 S.W.2d at 628).

Even if we assume that the DWOP notice was
insufficient, Carol was nevertheless afforded her due process rights because she
received notice of the grounds for dismissal in the trial court’s order in time
to file a motion to reinstate, and a hearing was held on that motion while the
trial court still had full control of the judgment.  Thus, Carol’s due process
rights were adequately protected.  See Jiminez v. Transwestern Prop. Co.,
999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (“We hold
the hearing on Jimenez’s reinstatement motion satisfied the due process rights
applicable to the dismissal of his case.”); see also Wright v. Tex. Dept. of
Criminal Justice–Institutional Div., 137 S.W.3d 693, 695 (Tex. App.—Houston
[1st Dist.] 2004, no pet.) (“We hold that, when an appellant has the time and
opportunity to file a motion for reinstatement that could raise a claimed error,
he waives any due process rights if he fails to file such a motion.”);
Franklin v. Sherman Ind. Sch. Dist., 53 S.W.3d 398, 403 (Tex. App.—Dallas
2001, pet. denied) (“We agree with the Jiminez court that where the
dismissed party is afforded an oral hearing on a motion to reinstate,
application of Villareal ‘would obfuscate what we perceive as a bright
line precedent regarding satisfaction of a litigant’s due process rights
applicable to a dismissal of a case for want of prosecution.’”) (quoting Jiminez,
999 S.W.2d at 128).

We overrule Carol’s third issue.  

II.        Dismissal for
Want of Prosecution

Carol argues in her first issue that the trial court
abused its discretion in dismissing the case for want of prosecution because
(1) the trial court did so without first lifting the abatement; and (2) “the
entire history of the case exemplifies the reasonableness of the delay in this
matter.”  

A trial court’s power to dismiss a case for want of
prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a; and
(2) the trial court’s inherent authority to manage its own docket.  See
Tex. R. Civ. P. 165a; Villareal, 994 S.W.2d at 630; 3V, 40 S.W.3d
at 540.  Rule 165a enables a trial court to dismiss when a plaintiff fails to
appear for any scheduled hearing, or when the case is not disposed of within
the time periods set by the Texas Supreme Court.  See Tex. R. Civ. P.
165a(1), (2).  The trial court also has inherent authority to dismiss
independently of procedural rules when a plaintiff fails to prosecute her case
with due diligence.  Villareal, 994 S.W.2d at 630; 3V, 40 S.W.3d
at 539–40.  

The trial court’s order dismissing this case for want
of prosecution states: “The Court finds that . . . the Plaintiff appeared and
has failed to prosecute this matter and has failed to show good cause for such
failure . . . .”  It is not clear from this statement whether the trial court
dismissed the case pursuant to Rule 165a(2) or its inherent authority to do so.[1] 
If the trial court does not enter findings of fact or conclusions of law, and the
trial court’s order dismissing a case for want of prosecution does not specify
a particular reason for the dismissal, we will affirm if any proper ground
supports the dismissal.  See City of Houston v. Thomas, 838 S.W.2d 296,
297 (Tex. App.—Houston [1st Dist.] 1992, no writ).  Because we can affirm the
dismissal based on the trial court’s proper exercise of its inherent authority
to manage its own docket, we analyze only that basis for dismissal.

A.        Authority to Dismiss

Carol first argues that the trial court had no
authority to dismiss the case without first lifting the abatement order.  “‘An
abatement is a present suspension of all proceedings in a suit.’”  3V,
40 S.W.3d at 539 (quoting America Online, Inc. v. Williams, 958 S.W.2d
268, 272 (Tex. App.—Houston [14th Dist.] 1997, no pet.)).  “In this context,
‘suspend’ means ‘to interrupt; to cause to cease for a time; to postpone; to
stay, delay, or hinder; to discontinue temporarily, but with an expectation or
purpose of resumption.’”  Id. (quoting America Online, Inc., 958
S.W.2d at 272).  “Generally, an abatement is sought to challenge the
plaintiff’s pleadings by asserting that facts outside the pleadings prevent the
suit from going forward in its present condition.”  Id. (citing Tex.
Highway Dep’t v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967), and Martin v.
Dosohs I, Ltd., 2 S.W.3d 350, 354 (Tex. App.—San Antonio 1999, no pet.)). 
“By granting an abatement, the court gives the plaintiff an opportunity to cure
the defect.”  Id. (citing Martin, 2 S.W.3d at 354).  “Once
granted, an abatement precludes the trial court from going forward on a case
until the defect or obstacle is removed.”  Id. (citing America
Online, Inc., 958 S.W.2d at 272). 

The record does not indicate that the trial court
lifted the abatement before it dismissed the case.  Carol therefore argues that
any action taken by the trial court during this uninterrupted abatement period was
a legal nullity — including the dismissal for want of prosecution.  Carol’s
argument relies heavily on this court’s decision in In re Kimball Hill Homes
Tex., Inc., 969 S.W.2d 522 (Tex. App.—Houston [14th Dist.] 1998, orig.
proceeding), in which the court stated: “Unless otherwise specified in the
abatement order, any action taken by the court or the parties during the
abatement is a legal nullity.”  Kimball, 969 S.W.2d at 527.  Kimball is
distinguishable.  

Kimball addressed a trial court’s
noncompliance with the statutorily required abatement period under the Residential
Construction Liability Act.  Id. at 524.  Kimball held that the case
should have been automatically abated to allow the plaintiff to comply with the
60-day notice period as required by the statute.  Id. at 527.  Kimball
further held that the trial court’s order denying the motion to abate and the
plaintiffs’ subsequently amended petition were therefore void.  Id.  It
was in this context that the court stated that “any action taken by the court
or the parties” during the statutorily required abatement period was void.  Id.    


We do not agree with Carol that this statement in Kimball,
which arose in a different context, precluded the trial court from dismissing
this case during the abatement period.  Courts are allowed to take appropriate
actions during an abatement period.  See, e.g., In re Gen. Motors
Corp., 296 S.W.3d 813, 825 (Tex. App.—Austin 2009, no pet.) (citing De
Checa v. Diagnostic Ctr. Hosp., 852 S.W.2d 935, 938 n.5 (Tex. 1993)
(joinder of parties held proper during abatement); United Oil &
Minerals, Inc. v. Costilla Energy, Inc., 1 S.W.3d 840, 846 (Tex.
App.—Corpus Christi 1999, no pet.) (nonsuit and approval of agreed judgment held
proper during abatement); and Parker v. Three Rivers Flying Serv., Inc.,
220 S.W.3d 160, 163 (Tex. App.—Eastland 2007, no pet.) (affirming trial court’s
authorization of parties to proceed by agreement on matters that were contrary
to abatement order)).  

As this court recognized in 3V, the existence
of an abatement order does not necessarily deprive the trial court of the
authority to dismiss for failure to diligently prosecute.  See 3V, 40
S.W.3d at 539–40 (overruling appellant’s argument that the trial court had no
authority to dismiss the case according to its “duty and obligation to maintain
control of the docket and to require parties to prosecute their suits with diligence”
during the abatement previously ordered by this court); see also id. at
540 n.4 (distinguishing Kimball on the grounds that the Kimball trial
court’s order denying the motion to abate was void because it was entered
during a statutorily mandated abatement period); In re Gen. Motors Corp.,
296 S.W.3d at 827 (“[A] court’s action in dismissing a case for want of
prosecution may or may not be error, but it is not a void act or a nullity
simply because the case has been abated by the court.  The court retains the
power to dismiss claims over which it does not have jurisdiction and cases that
it believes — however erroneously or inadvertently — have not been prosecuted
with sufficient diligence.”).

Carol does not argue that any statute or other rule
prevented the trial court from dismissing this case instead of continuing the
abatement.  We therefore conclude that the abatement order did not deprive the
trial court of the authority to dismiss in this case.  See 3V, 40 S.W.3d
at 539–40.  

B.        Failure to Prosecute with Due Diligence 

We next consider Carol’s argument that the trial
court did not properly exercise its authority to dismiss for Carol’s failure to
prosecute the case with due diligence.     

“When an unreasonable delay in the prosecution of a case
occurs, it is presumed that the case has been abandoned.”  Bilnoski v. Pizza
Inn, Inc., 858 S.W.2d 55, 57 (Tex. App.—Houston [14th Dist. 1993, no
writ).  If the plaintiff does not provide a sufficient explanation for delay,
the presumption of abandonment is conclusive and the court shall dismiss.  Id. 
A trial court generally considers four factors before dismissing a case for
want of prosecution: (1) the length of time a case has been on file; (2) the
extent of activity in the case; (3) whether a trial setting was requested; and
(4) the existence of reasonable excuses for the delay.  Keough v. Cyrus USA,
Inc., 204 S.W.3d 1, 4–5 (Tex. App.—Houston [14th Dist.] 2006, pet. denied);
Bilnoski, 858 S.W.2d at 58.  We review the entire record and reverse the
dismissal order only if the trial court clearly abused its discretion.  Bilnoski,
858 S.W.2d at 58.  The central issue is whether Carol exercised due diligence
in prosecuting her case.  See id.

The record reveals that the case was on file for approximately
five months between the filing of Carol’s original petition and the trial
court’s October 20, 2000 abatement order.  The trial court ordered the case
abated “until a judgment as to all issues and causes of action becomes final in
the [divorce] proceeding.”  The case remained abated for almost nine years
before the trial court sent the DWOP notice on September 2, 2009.    

In its dismissal order, the trial court did not identify
the date on which the “judgment as to all issues and causes of action” in the
divorce proceeding became final.  The finality of the judgment in the divorce
proceeding is relevant because it is the earliest point at which Carol could
have successfully asked the trial court to lift the abatement and proceed with
the case.

The appellees argue that the judgment in the divorce
proceeding became final when (1) this court issued our decision in the divorce
litigation on August 31, 2006 (three years before the DWOP notice); (2) the
Texas Supreme Court denied the petition for review on June 1, 2007 (27 months
before the DWOP notice); or (3) this court issued its mandate to the trial
court on August 31, 2007 (two years before the DWOP notice).  

Carol instead argues that “the basis for obtaining
the abatement was still present” until the federal bankruptcy court entered its
final judgment on remand in the bankruptcy litigation on August 28, 2008.  In
that judgment, the court found certain amounts owed by Jerry to Carol under the
1996 divorce decree to be exempted from discharge.  Even giving Carol the
benefit of the doubt and assuming that the “judgment as to all issues and
causes of action” in the divorce proceeding became final on that date, this
case remained pending but inactive on the trial court’s docket for more than 12
months after August 28, 2008.  Dismissals based on similar lengths of
inactivity have been upheld on appeal.  See, e.g., Fox v. Wardy,
225 S.W.3d 198, 200 (Tex. App.—El Paso 2005, pet. denied) (seven months of
inactivity, with exception of two amendments to petition); City of Houston,
838 S.W.2d at 298 (almost 12 months of inactivity, with exception of motion to
retain); see also Douglas v. Douglas, No. 01-06-00925-CV, 2008 WL 5102270,
at *2 (Tex. App.—Houston [1st Dist.] Dec. 4, 2008, pet. denied) (mem. op.)
(eight months of inactivity, with exception of filing of appellant’s original
petition for bill of review, his motion for summary judgment, and his motion
for a bench warrant or video or telephone conference); Maughan v. Employees
Retirement Sys., No. 03-07-00604-CV, 2008 WL 2938867, at *5 (Tex.
App.—Austin Aug. 1, 2008, no pet.) (mem. op.) (13 to 14 months of inactivity,
with exception of defendant’s answer).

Carol argues that she “requested that the trial court
lift the abatement on multiple occasions and each time was faced with
opposition.”  The record reveals that Carol asked the trial court to lift the abatement
order on July 13, 2003; August 8, 2003; September 19, 2003; March 4, 2005; and
March 24, 2006.  These requests were based on Carol’s argument that “the
matters before this Court should not be contingent” on the resolution of the
appeal in the divorce litigation.  The appellees opposed the 2003 requests.[2] 
The record does not reflect that Carol re-urged this argument for lifting the
abatement after 2006 or during the 12-month period following the bankruptcy
court’s August 28, 2008 judgment.[3] 


Carol also stated in her 2005 and 2006 status reports
that she would advise the trial court when the divorce appeal was resolved.  She
informed the trial court in her 2007 status report that her petition for review
in the divorce litigation was pending before the Texas Supreme Court.  Carol
provided no additional updates after 2007 or during the 12-month period
following the bankruptcy court’s August 28, 2008 judgment.

Carol asserts on appeal that she “sought to proceed
in this matter throughout the lengthy abatement.”  Although Carol did certify
to the trial court that she requested certain discovery from the parties before
the matter was abated, the record does not indicate that Carol took any other
steps to prosecute her case or requested a trial setting.  Moreover, she stated
in her motion to retain: “Effectively, Carol Gantt will require time to
prosecute those claims which have been long abated.”  

Carol provided no explanation in response to the DWOP
notice for her failure to update the trial court or ask the trial court to lift
the abatement after (1) she exhausted her appeals in state court; or (2) the
bankruptcy court entered its August 28, 2008 judgment.  Carol cannot rely on
the trial court’s failure to sua sponte lift the abatement to excuse her
failure to update the trial court on the resolution of the divorce and
bankruptcy litigation and prosecute the case.  Cf. Southwell Inv.
Group, III v. Indwell Res., Inc., No. 14-08-00695-CV, 2010 WL 1379987, at *2
(Tex. App.—Houston [14th Dist.] Apr. 8, 2010, no pet.) (mem. op.) (“Southwell
does not explain how the absence of a scheduling order shows that it exercised
diligence in prosecuting the case.  Nor does Southwell explain why it did not
request the trial court to enter a docket-control order before the court issued
its notice to intent to dismiss for want of prosecution.”); Van Dyke v.
Boswell, O’Toole, Davis & Pickering, No. 14-93-00323-CV, 1994 WL
276875, at *4–5 (Tex. App.—Houston [14th Dist.] June 23, 1994, writ denied)
(not designated for publication) (rejecting plaintiff’s contention that her
delay in prosecution was reasonable because she was waiting for trial court to
set her case for trial).  

Based on the record before us, we conclude that the
trial court acted within its discretion to dismiss the case for want of
prosecution.  Keough, 204 S.W.3d at 4–5; Bilnoski, 858 S.W.2d at
58.  

We overrule Carol’s first issue.  

III.      Motion to
Reinstate

Carol argues in her second issue that
the trial court erred in denying Carol’s motion to reinstate.  We review the
trial court’s denial of a motion to reinstate for abuse of discretion.  Keough,
204 S.W.3d at 3.  When a trial court relies on its inherent authority to
dismiss a case and then denies a motion to reinstate, we consider whether the
trial court abused its discretion in determining that the plaintiff did not
prosecute its case with due diligence.  See id. at 4–5; Polk v. Sw.
Crossing Homeowners Ass’n, 165 S.W.3d 89, 95–96 (Tex. App.—Houston [14th
Dist.] 2005, pet. denied).[4]

Carol states in her brief that “[d]uring the hearing
on the motion to reinstate, sufficient explanation was given to amount to a
reasonable excuse for the delay in this particular case.”  However, her motion
to reinstate and her brief on appeal do not include any arguments that differ
from the ones she made to the trial court to avoid dismissal.[5] 
The motion to reinstate therefore amounted to a reconsideration of the
dismissal judgment.

We have already concluded that the trial court did
not abuse its discretion in dismissing the case for Carol’s failure to prosecute
her case with due diligence.  We further hold that the trial court acted within
its discretion in also denying her motion to reinstate.  Keough, 204
S.W.3d at 4–5; Polk, 165 S.W.3d at 95–97.

We overrule Carol’s second issue.

CONCLUSION

Having overruled Carol’s issues on appeal, we affirm
the judgment of the trial court.

 

                                                                                    

                                                                        /s/         William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Brown, Boyce, and Jamison.








 









[1]
The record does not indicate and the parties do not argue that the dismissal
was ordered under Rule 165a(1) because Carol failed to appear for a hearing or
trial.  See Tex. R. Civ. P. 165a(1).





[2]
Appellees may have opposed the later requests; however, the record contains no
responses to the later requests or transcripts from hearings on those requests.





[3]
The record contains a notice regarding a status conference scheduled to be
heard on March 1, 2007.  Carol argued in her motion to reinstate that “the
Court indicated [at the March 1, 2007 status conference] that it would consider
whether to lift the abatement and make a ruling.  No such ruling has ever been
issued by this Court.”  The record does not contain a transcript of the March
1, 2007 status conference, and we cannot confirm that Carol re-urged her
request that the abatement be lifted at that time.





[4]As
this court has noted in the past, not all courts of appeals apply the same
standard to review a denial of a motion to reinstate when the trial court relies
on its inherent authority to dismiss a case.  See Southwell Inv. Group, III,
2010 WL 1379987, at *4.  Other courts apply the standard set out in Rule
165a(3), regardless of whether the trial court dismissed the case under Rule
165a or whether it dismissed the case under its inherent authority.  Id.
(citing Cappetta v. Hermes, 222 S.W.3d 160, 164–67 (Tex. App.—San
Antonio 2006, no pet.) (en banc), and Brown v. Howeth Invs., Inc., 820
S.W.2d 900, 902–03 (Tex. App.—Houston [1st Dist.] 1991, writ denied)).  Under
Rule 165a(3), the court must reinstate the case if it is shown that the
“failure of the party or his attorney was not intentional or the result of
conscious indifference but was due to an accident or mistake or that the
failure had been otherwise reasonably explained.”  Tex. R. Civ. P. 165a(3). 
Our conclusion about Carol’s motion to reinstate is the same under either
standard because she did not give the trial court any explanation for her
failure to update the trial court or ask the trial court to lift the abatement
during the 12-month period preceding the DWOP notice. 





[5]
Carol argued in her motion to reinstate that she “most certainly did not
consciously or deliberately fail to prosecute this matter.  At worst, any
failures by Carol Gantt were the result of accident or miscommunication or other
reasonable explanation.”  However, she states on appeal: “The delay was
justified as the delay was not intentional or the result of conscience [sic]
indifference, but rather was the result of a prolonged divorce proceeding that
suffered the fate of various appeals and bankruptcy proceedings.”  This
argument does not differ from those already made to the trial court to avoid
dismissal.