Ann KEOUGH, Appellant,

v.

CYRUS USA, INC. d/b/a Ace Limousine
Service and Hamid Reza Mirabi,
Appellees.

No. 14–04–00660–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 13, 2006.

Rehearing En Banc Overruled
Sept. 21, 2006.

2

Shalanda Deshon Moore, Houston, for appellant.

Mark J. Courtois, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## MAJORITY OPINION
## ON REHEARING

EVA M. GUZMAN, Justice.

We grant appellees' motion for rehearing, withdraw the majority and dissenting opinions issued on December 15, 2005, and issue the following majority and dissenting opinions on rehearing.

In this appeal, we determine whether the trial court abused its discretion by denying appellant Ann Keough's motion to reinstate her lawsuit. Because Keough offered no evidence: (1) she was unaware of her attorney's disbarment or of the trial setting, (2) supporting her explanation for

her failure to attend trial or to obtain other counsel, and (3) she diligently prosecuted her case, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Keough filed this suit on September 2, 1998 against appellees Cyrus U.S.A., Inc. d/b/a Ace Limousine Service and Hamid Reza Mirabi (collectively, "Cyrus"). Over the course of five-and-one-half years, the case was dismissed for want of prosecution, reinstated, continued five times, and repeatedly reset for trial.

On February 3, 2004, Keough and her counsel failed to appear for trial, and Cyrus moved to dismiss the case. On February 9, 2004, the trial court ordered the case dismissed with prejudice. In its order of dismissal, the trial court noted that both Keough and her counsel failed to appear at trial; that proper notice was sent to counsel of record advising counsel of the trial setting; and that the case had been set for trial seven times in the preceding twenty-one months. In response to the dismissal, Keough filed a verified motion to reinstate alleging:

> This case was dismissed by an order signed on the 9th of February, 2004, for want of prosecution due to the inability of the counsel of record to appear before this court and prosecute this action. This failure was not intentional or the result of conscious indifference but unavoidable, in that counsel of record, Zerrie L. Hines, was and remains under disciplinary proceedings before the Board of Disciplinary Appeals, and therefore, unable to engage in the practice of law pending the favorable outcome of his appeal.

No evidence accompanied Keough's motion; however, Cyrus responded with evidence that Keough's attorney had been disbarred on December 22, 2003. The tri-

al court denied Keough's motion to reinstate without stating its reasons, and this appeal ensued.

## II. ISSUE PRESENTED

The sole issue presented for review is whether the trial court abused its discretion by denying Keough's motion to reinstate. At the outset, we note that the trial court may have dismissed the case because Keough and her counsel failed to appear at trial. *See* TEX.R. CIV. P. 165a. Alternatively, it may have dismissed the case pursuant to its inherent authority to dismiss cases for want of prosecution. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). We therefore discuss both grounds. Because the dissent would reverse based in part on its assumption that the trial court failed to notify Keough of its intent to dismiss the case, we also address that subject.

## III. STANDARD OF REVIEW

■ We review a trial court's denial of a motion to reinstate for abuse of discretion. *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991). If an order dismissing a case does not state the grounds on which it was granted, the party seeking reinstatement must negate all possible grounds for dismissal. *See Shook v. Gilmore & Tatge Mfg. Co., Inc.*, 951 S.W.2d 294, 296 (Tex.App.-Waco 1997, pet. denied); see also *Polk*, 165 S.W.3d at 96–97 (affirming denial of reinstatement when the plaintiff produced evidence her trial counsel was absent from trial due to illness, but failed to produce evidence the case had been diligently prosecuted). The

movant for reinstatement bears the burden to produce evidence supporting the motion. *See Calaway v. Gardner,* 525 S.W.2d 262, 264 (Tex.App.-Houston [14th Dist.] 1975, no writ) ("The failure of the plaintiff to offer proof of his grounds for reinstatement justified the court's denial of his motion...."); *see also HRN, Inc. v. Shell Oil Co.,* 102 S.W.3d 205, 217 (Tex. App.-Houston [14th Dist.] 2003), *rev'd on other grounds,* 144 S.W.3d 429 (Tex.2004) (affirming denial of reinstatement when movant alleged compliance with discovery orders but produced no evidence of compliance).

## IV.  DISCUSSION

### A.  Failure to Appear at Trial

■ Keough asserts she was unaware her attorney had been disbarred or trial had been set, and argues she was unable to secure other counsel before trial. She did not produce evidence supporting these contentions to the trial court. In the absence of evidence, a trial court does not abuse its discretion by denying a motion to reinstate. *See Smith v. Babcock & Wilcox Constr. Co., Inc.,* 913 S.W.2d 467, 468 (Tex. 1995) ("Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied.").[1]

### B.  Want of Prosecution

■ Keough contends the trial court dismissed her case and denied reinstatement based on her counsel's failure to appear at trial. As a result, Keough does not address alternative grounds for these orders. Thus, even if we agreed with the dissent that Keough offered a reasonable explanation for her attorney's failure to appear at trial, this omission would still lead us to conclude the trial court did not abuse its discretion by denying reinstatement.

In dismissing the case and denying reinstatement, the trial court expressly considered factors other than the failure of Keough and her counsel to appear at trial. In its order dismissing the case, the trial court emphasized the case had been set for trial seven times in approximately twenty-one months. The trial court also states in its order that it reviewed the pleadings and docket entries in the matter. The record shows the case had been on file since 1998; it already had been reinstated after a prior dismissal for want of prosecution; and previous trial settings had been continued at Keough's request on more than one occasion. These factors pertain to diligent prosecution, and the trial court need not have considered them if it dismissed the case solely because Keough and her counsel did not appear at trial. *See Bilnoski v. Pizza Inn, Inc.,* 858 S.W.2d 55, 58 (Tex.App.-Houston [14th Dist.] 1993, no

---

1. The dissent cites *Smith* for the proposition that justification requiring reinstatement does not require a reasonable justification for *making* the mistake, but only a justification *consisting* of a mistake. While *Smith* excuses an attorney's failure to appear at trial when that failure is based on a mistake, even if the mistake is not reasonable, this proposition does not apply to the present case. In her motion to reinstate, Keough did not allege an accident or mistake caused her or her attorney to be absent from trial. *See* Tex.R. Civ. P. 165a(3) (the trial court must reinstate a case

dismissed for failure to appear if it finds the failure "was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained."). Moreover, *Smith* requires proof of accident or mistake, and Keough produced no such evidence. *See also Nichols v. TMJ Co.,* 742 S.W.2d 828, 831 (Tex.App.-Dallas 1987, no writ) ("In determining whether [a party] has met his burden of negating intentional or consciously indifferent conduct, however, a court need not accept unsupported conclusory statements.").

writ) (when deciding whether to dismiss a case for want of prosecution, the court may consider the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay). Because the trial court may have dismissed the case for want of prosecution, Keough was required to address this basis for dismissal in her motion to reinstate and on appeal.

Given the history of the case and Keough's failure to produce evidence supporting her motion to reinstate, we hold the trial court did not abuse its discretion by denying reinstatement. Even if we agreed with the dissent that Keough's verified motion to reinstate offers a reasonable explanation for her prior counsel's absence from trial, the motion does not explain her own absence, her failure to secure other counsel, or her failure to request a continuance. Though Keough's successor counsel asserted Keough had no knowledge of the trial setting or the disciplinary proceedings, Keough offered no evidence supporting these contentions. Moreover, these arguments only pertain to failure to appear and prosecute the case on the date of trial, and do not address Keough's failure to diligently prosecute her case at any other time.

## C. Notice of Intent to Dismiss

■■■■ The rules of civil procedure and due process require trial courts to provide litigants with notice and an opportunity to be heard before the court dismisses the case. TEX.R. CIV. P. 165a; *Polk,* 165 S.W.3d at 94. Although Keough does not claim the trial court failed to notify her or trial counsel of its intent to dismiss her case, the dissent assumes such a failure occurred, and would reverse based in part on this assumption.[2]

■■■■ Because the record is silent as to whether the trial court notified Keough or her counsel of its intent to dismiss, no error is apparent on the face of the record. *See Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 849–50 (Tex.2004) ("[M]ere silence as to whether notice [of intent to dismiss] was sent does not establish that notice was not sent. . . ."). Moreover, if no notice was sent, Keough's failure to raise the issue in the trial court and to brief it on appeal waives the error. *See* TEX. R.APP. P. 33.1, 38.1(h). Even assuming for the sake of argument that no notice was sent and that we properly may raise the issue sua sponte, a trial court does not abuse its discretion by denying a motion to reinstate if the movant (a) receives notice of the actual order of dismissal in time to file a motion to reinstate, and (b) has an opportunity to be heard on the motion. *See, e.g., Polk,* 165 S.W.3d at 94–95; *Jimenez v. Transwestern Prop. Co.,* 999 S.W.2d 125, 128 (Tex. App.-Houston [14th Dist.] 1999, no pet.); *see also Wright v. Tex. Dept. of Criminal Justice–Institutional Div.,* 137 S.W.3d 693, 695 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Tex. Sting, Ltd. v. R.B. Foods, Inc.,* 82 S.W.3d 644, 648–50 (Tex.App.-San Antonio 2002, pet.

2. On appeal, Keough contends the trial court's notice to her prior counsel of the February 3, 2004 trial setting does not constitute notice to her because the attorney-client relationship was terminated as a matter of law when her counsel was disbarred. Because this argument was not presented to the trial court, it does not constitute grounds for reversal on appeal. *See* TEX.R.APP. P. 33.1. Moreover, Keough's trial counsel sought and obtained the February, 2003 trial setting more than two months before he was disbarred; thus, his knowledge of the trial setting is imputed to Keough. *See McMahan v. Greenwood,* 108 S.W.3d 467, 480–81 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) (knowledge acquired by an attorney during the existence of an attorney-client relationship, and while acting in the scope of his or her authority, is imputed to the client).

denied); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 400–04 (Tex.App.-Dallas 2001, pet. denied). Keough received actual notice of the order of dismissal and timely filed a motion to reinstate. There is no indication she did not have an opportunity to be heard.[3] Thus, if the trial court failed to notify Keough of its intent to dismiss her case, the error was cured.

## V. CONCLUSION

Because the trial court could properly dismiss Keough's case pursuant to Rule 165a or its inherent authority to dismiss cases for want of prosecution, and because Keough failed to produce evidence in support of her motion to reinstate negating both of these grounds for dismissal, the trial court did not abuse its discretion by denying her motion for reinstatement. The judgment of the court below is affirmed.

EDELMAN, J., dissenting.

EDELMAN, Justice, dissenting on rehearing.

A trial court's authority to dismiss for want of prosecution arises from: (1) Texas Rule of Civil Procedure 165a; and (2) the court's inherent power. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850 (Tex.2004). As relevant to this case, a trial court may dismiss under rule 165a on the failure of a party seeking affirmative relief to appear at trial for which the party had notice. TEX.R. CIV. P. 165a(1); *Villar-*

*real v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). Additionally, a trial court has inherent power under the common law, independent of the rules of procedure, to dismiss where the plaintiff fails to prosecute his or her case with due diligence. *Villarreal,* 994 S.W.2d at 630.

Importantly, however, a court may not dismiss a case for want of prosecution under either Rule 165a or its inherent authority without first providing a party notice and an opportunity to be heard. *Id.* "The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal." *Id.*

Where a verified motion to reinstate is timely filed, an oral hearing is required under rule 165a, even if the grounds in the motion do not mandate reinstatement, and a failure to hold such a hearing requires reversal. *Thordson v. City of Houston,* 815 S.W.2d 550, 550 (Tex.1991). The dismissal and reinstatement procedure set forth in rule 165a is cumulative of the rules and laws governing any other procedures available to the parties in such cases and is applicable to all dismissals for want of prosecution, including those under the court's inherent power, whether or not a motion to dismiss has been filed. TEX.R. CIV. P. 165a(4).

In this case, the trial court signed a dismissal order six days after Keough failed to appear for trial without providing any notice, before or after the trial date, of its intent to do so.[1] It also denied

---

**3.** The record does not show Keough requested a hearing. Before trial court error can be found in the failure to set a hearing on a motion to reinstate, the movant must request a hearing. *Cabrera v. Cedarapids, Inc.,* 834 S.W.2d 615, 618 (Tex.App.-Houston [14th Dist.] 1992, writ denied).

**1.** The trial date had been set in an order granting a motion for continuance, but nei-

ther this order, nor any of the orders setting the preceding trial dates had contained any indication that the case was subject to dismissal on those dates for failure to appear or to diligently prosecute. The record contains no other document providing such notice for this trial date, and appellees do not contend that any such notice was given or that the court even had any intent to dismiss until

Keough's timely filed, verified motion to reinstate without holding a hearing on it.[2] However, Keough did not object in the trial court, or assign error on appeal, to this lack of notice and lack of hearing. Instead her challenge has been based solely on the contention that her failure to appear was not intentional or the result of conscious indifference within the meaning of Rule 165a(3).

A failure to appear is not intentional or due to conscious indifference for this purpose merely because it is negligent or even deliberate; it must also be without adequate justification. *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex.1995). Proof of such justification, *i.e.*, accident, mistake, or other reasonable explanation, negates the intent or conscious indifference for which reinstatement can be denied. *Id.*

Keough's verified motion for reinstatement asserted that her failure to appear was "unavoidable" because her counsel of record was unable to practice law due to a pending disciplinary proceeding. However, attached to appellees' response to the motion to reinstate was an exhibit showing that Keough's counsel had been disbarred roughly six weeks before the trial date which had been set over two months before the date of disbarment. Therefore, it was not apparent at the time of the denial of reinstatement (or subsequently) that Keough's failure to appear was *unavoidable* due to her attorney's previous disbarment; that is, why it prevented her from hiring new counsel or at least appearing in court to request a continuance. In addition, although Keough contends on appeal that she did not know of the disbarment or the trial setting, the record contains no evidence to support these allegations.

Importantly, however, the justification necessary to require reinstatement does not require a reasonable justification for *making* the mistake, but only a justification *consisting* of a mistake, as contrasted from conscious indifference.[3] Therefore,

---

appellees moved to dismiss after Keough failed to appear. In addition, the dismissal order recites that Keough had notice of the trial setting but says nothing of any notice of an intent to dismiss:

> BE IT REMEMBERED that on Tuesday, February 3, 2004, the clerk called this case for trial. DEFENDANTS appeared in person and through their attorney of record, and announced ready for trial, however, PLAINTIFF and her attorney failed to appear. Whereupon, Defendants moved this Court to dismiss this action for want of prosecution. The Court finds that this current trial date was the seventh trial setting of this matter, with the first trial setting of this matter set for May 6, 2002. The Court further finds that proper notice was sent to counsel of record advising them of this current trial setting. Accordingly, the Court finds Defendants' Motion to Dismiss meritorious and should in all things be granted.

Because there is no authority that providing notice of intent to dismiss can either be presumed or inferred from a lack of affirmative evidence to the contrary, but instead only authority that such notice is closely scrutinized even when it is given, the record in this case supports only a conclusion that no notice of intent to dismiss was provided by the trial court.

2. The lack of a hearing is indicated by the language of the order denying the motion to reinstate, "on this day came on to be *considered*...." rather than referring to a hearing; and the assertion in appellees' brief that Keough did not request a hearing and none was required.

3. *See Smith,* 913 S.W.2d at 468. By contrast, a motion for continuance requires a showing of sufficient cause supported by affidavit, consent of the parties, or operation of law. Tex.R. Civ. P. 251. Even the absence of counsel is generally not good cause for this purpose. Tex.R. Civ. P. 253. This discrepancy between the standards for granting a continuance and reinstatement creates an apparent anomaly in which a party who is not diligent enough to appear for trial can effect a continuance (through dismissal and reinstatement),

even if Keough's failure to appear in this case due to her attorney's disbarment amounted to a complete lack of diligence, it did not rise to the level of conscious indifference, and the trial court had no discretion to deny her motion to reinstate for failure to show that her failure was not intentional or the result of conscious indifference.[4]

The majority opinion concludes that the trial court properly dismissed, and denied reinstatement, based on a failure to diligently prosecute because Keough failed to address this in her motion to reinstate and on appeal as an *alternative ground* for dismissal. However, on the date the case was called for trial, the trial court had no discretion to even *consider,* let alone rule upon, a dismissal for failure to diligently prosecute because no notice had been given of any intent to do so. Similarly, the dismissal order[5] clearly reflects that appellees' motion to dismiss and the court's granting of the motion was triggered by Keough's failure to appear. The one-sentence finding in the order that this was the seventh trial setting is mentioned in passing as a consideration supporting the dismissal based on the failure to appear, but the order contains no mention or finding of a failure to diligently prosecute, or a recitation of any other facts that would support such a finding. Because a failure to diligently prosecute is not referred to in the order at all, let alone presented as a basis that would have independently supported the dismissal, *i.e.,* even if Keough had not failed to appear, it was not an alternative ground for the dismissal. Therefore, because Keough had no notice that the case was dismissed for failure to diligently prosecute, much less on what facts any such decision could have been based, she had neither an obligation nor an ability to challenge any such ground.

For these reasons, I would reverse the judgment of the trial court.

whereas a party who is diligent enough to appear, but lacks sufficient cause for a continuance, cannot.

4. The majority opinion concludes that the trial court could deny Keough's motion to reinstate based on failure to appear because she produced no "proof" to support her allegations that she was unaware her attorney had been disbarred or trial had been set or that she was unable to secure other counsel. However, her motion did not rely on those allegations, but only on the fact that her attorney was unable to appear and represent her due to his disbarment:

This case was dismissed ... due to the inability of the counsel of record to appear before this court and prosecute this action. This failure was not intentional or the result of conscious indifference but unavoidable, in that counsel of record, Zerrie L. Hines, was and remains under disciplinary proceeding before the Board of Disciplinary Appeals, and therefore, unable to engage in the practice of law pending the favorable outcome of his appeal.

Although the "verification" in Keough's motion states that her (successor) attorney "certifies" that the facts in the motion are true and correct, rather than that the facts were sworn to or otherwise given under oath, appellees' response to the motion did not object to this variance, but, more importantly, affirmatively stated and attached proof that Keough's counsel had indeed been disbarred. Therefore, the facts on which her motion was actually based were effectively stipulated, and, thus, the motion was not within the trial court's discretion to deny for lack of proof.

5. *See supra,* note 1.