**Affirmed and Memorandum Opinion filed June 10, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-01159-CV
_____

### KATRINA BURNETT AND FREDERICK BURNETT, Appellants

### V.

### CARNES FUNERAL HOME, INC. AND CREMATE TEXAS, INC., Appellees

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-10488**

## M E M O R A N D U M   O P I N I O N

Appellants Katrina Burnett and Frederick Burnett appeal from the trial court's dismissal of their lawsuit against appellees Carnes Funeral Home, Inc. and Cremate Texas, Inc. for want of prosecution. In their appeal, the Burnetts challenge not only the trial court's dismissal order, but also the granting of a motion for partial summary judgment and the striking of their expert witnesses. In response, appellees contend the Burnetts' appeal is frivolous and ask this court to

assess sanctions against the Burnetts as a result. While we overrule the Burnetts' issue on appeal and affirm the trial court's challenged orders, we conclude that the Burnetts' appeal is not objectively frivolous and deny appellees' request for sanctions.

## BACKGROUND

Fred Wood was the Burnetts' father. The Houston Fire Department discovered an unresponsive Mr. Wood, who had multiple open bed sores, lying in a bed in his own waste.[1] Mr. Wood was taken to the hospital where he died the next day. The hospital social worker informed the Burnetts that if she referred their father to Harris County for indigent burial, his remains would be cremated. The Burnetts were unaware of their father's burial wishes and they had made no arrangements themselves for his burial. The Burnetts told the social worker to go forward with the referral to Harris County. Appellees cremated Mr. Wood soon thereafter.

The procedural history of this case is crucial to understand the issues raised on appeal, so we recite it in some detail. In 2009, the Burnetts sued appellees for their handling of Mr. Wood's corpse. The Burnetts alleged causes of action for negligence, gross negligence, breach of contract, breach of fiduciary duty, intentional infliction of emotional distress, and malice. Appellees eventually filed a traditional and no-evidence motion for partial summary judgment on all of the Burnetts' causes of action except negligence. The Burnetts voluntarily non-suited their lawsuit before the hearing on the motion occurred.

Asserting the same causes of action, the Burnetts re-filed their lawsuit

---

[1] Due to the nature of the Burnetts' appeal, we include only the background facts necessary to understand the arguments raised in the appeal and to apprise the parties of the Court's decision and the reasons for that decision.

2

against appellees in 2011. Appellees once again filed a traditional and no-evidence motion for partial summary judgment (the Motion) on all of the Burnetts' causes of action except negligence. Appellees set their Motion for submission on August 15, 2011. The Burnetts' response and any summary judgment evidence they wished to submit for the trial court's consideration were due no later than August 8. The Burnetts did not file a summary judgment response or a motion seeking a continuance of the submission of appellees' Motion. On August 9, however, the Burnetts did file a request for an oral hearing on appellees' Motion "as soon as possible." The trial court did not grant the request for an oral hearing.

On September 9, the trial court signed an order granting appellees' Motion, thereby dismissing the Burnetts' gross negligence, breach of contract, breach of fiduciary duty, and intentional infliction of emotional distress causes of action as well as their claims for mental anguish and exemplary damages. In granting appellees' Motion, the trial court observed that the Burnetts filed no response other than a request for an oral hearing.

On February 15, 2012, the trial court set the remainder of the Burnetts' case for trial during the two-week period beginning April 9, 2012. The parties were then notified that the case was set for trial on April 12, 2012.

On April 11, 2012, more than seven months after the trial court had granted appellees' Motion and on the eve of trial, the Burnetts filed a motion to vacate the partial summary judgment. Included in the motion to vacate was a request that the trial court "deem the expert witness designation filed in the [non-suited] 2009 Action as applicable" to the 2011 case. It was in this motion to vacate that the Burnetts first informed the trial court that their attorney had filed a motion to continue the submission of appellees' Motion but had inadvertently filed under the

cause number for the non-suited 2009 lawsuit.[2]  The Burnetts also informed the trial court that their attorney had filed a vacation letter allegedly covering the period from August 8 through August 19, 2011.  The Burnetts argued that pursuant to Rule 11.1 of the Rules of the Civil Trial Division for Harris County, this vacation letter protected their attorney from having to engage in any pretrial proceedings during the referenced time period, including filing a summary judgment response.  They also argued the vacation letter prohibited the submission of appellees' Motion during that time period.  In response to the motion to vacate, the trial court continued the April 12, 2012 trial setting, but kept the case on the same two-week docket.

The next day, the Burnetts filed an unverified motion for continuance of the trial that included a request for the entry of a new docket control order establishing new deadlines for discovery, including the designation of expert witnesses.  On April 18, 2012, the trial court signed an order denying both the Burnetts' motion to vacate the partial summary judgment and their request to use the expert witness designation filed in the non-suited 2009 lawsuit.  The trial court also ordered that the trial would be reset "as soon as possible."  A few days later, the trial court signed an order resetting the trial to the two-week docket beginning on June 4, 2012.  The trial court also ordered that all previous pre-trial deadlines remained in effect.

On May 25, 2012, the Burnetts filed a motion to reconsider the partial summary judgment granted by the trial court.  For the first time, the Burnetts included a substantive response to appellees' Motion that had been filed nearly a year before.  While this motion to reconsider was still pending, the trial court reset

---

[2] This motion for continuance that was allegedly filed in the non-suited 2009 lawsuit does not appear in the appellate record.

4

the trial to the two-week docket commencing October 29, 2012. The trial court also ordered the parties to appear for docket call on October 22, 2012. On July 9, 2012, the trial court denied the Burnetts' motion to reconsider and also struck their late-filed summary judgment response. The trial court also awarded $500 in attorneys' fees to appellees as sanctions.

The Burnetts did not appear at the October 22 docket call. Days later, the trial court dismissed the Burnetts' case for want of prosecution. The Burnetts timely filed a "Motion to Reinstate and for New Trial" and a supplement to that motion. Regarding their absence from the docket call, the Burnetts stated, without further explanation, that their attorney was "unavoidably detained elsewhere." The Burnetts set their motion to reinstate for an oral hearing on December 17, 2012. The Burnetts did not appear at the scheduled oral hearing. The trial court denied the Burnetts' motion to reinstate and this appeal followed.

## ANALYSIS

The Burnetts bring a single issue on appeal challenging the trial court's various orders. Because the Burnetts' make multiple arguments within that single issue, we construe each argument as a separate issue on appeal.

## I. The trial court did not err when it granted appellees' motion for partial summary judgment.

The Burnetts initially argue the trial court erred when it granted appellees' Motion because there were genuine issues of material fact. We disagree.

### A. Standard of review

We review the trial court's grant of summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). When a party moves for summary judgment on both traditional and no-evidence

grounds, we first address the no-evidence grounds. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (when the non-movant fails to produce legally sufficient evidence to meet its burden as to the no-evidence motion, there is no need to analyze whether the movant satisfied its burden under the traditional motion).

In a no-evidence motion for summary judgment, the movant must specifically state the elements as to which there is no evidence. *Walker v. Thomasson Lumber Co.*, 203 S.W.3d 470, 473–74 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The trial court must grant the motion unless the non-movant files a response producing summary judgment evidence raising a genuine issue of material fact on each of the challenged elements. Tex. R. Civ. P. 166a(i); *see San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 328 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("A no-evidence summary judgment must be granted if the party opposing the motion does not respond with competent summary judgment evidence that raises a genuine issue of material fact.").

## B. Because the Burnetts did not timely file a response to the Motion, the trial court did not err when it granted the Motion.

On July 21, 2011, appellees filed their Motion seeking the dismissal of most of the Burnetts' causes of action on both traditional and no-evidence grounds. The Motion identified the elements of the Burnetts' claims as to which appellees contended there was no evidence. The Motion was set for submission on August 15, 2011, so the Burnetts had until August 8 to file a response. *See* Tex. R. Civ. P. 166a(c) ("Except on leave of court, the [non-movant], not later than seven days prior to the date of the [submission] may file and serve opposing affidavits or other written response.").

It is uncontested that the Burnetts did not file a response to the Motion by

the deadline. Nor did they seek leave to file a late response or file a motion for continuance.[3] The Burnetts' "failure to respond is fatal to [their] ability to successfully assert on appeal that the trial court erred in granting the [no-evidence motion for summary judgment]." *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 692 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Because no response raising a genuine issue of material fact was filed on or before the August 8 deadline, the trial court was required to grant appellees' Motion. *See* Tex. R. Civ. P. 166a(i); *Transcon. Ins. Co.*, 321 S.W.3d at 692. Therefore, we hold the trial court did not err when it granted appellees' Motion.

## II. The trial court did not abuse its discretion when it refused to vacate the partial summary judgment.

In their next issue, the Burnetts contend the trial court abused its discretion when it denied their motion to vacate the partial summary judgment.

### A. Standard of review

After a trial court grants a summary judgment motion, it is generally under no obligation to consider further motions on the issues adjudicated by the summary judgment. *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The standard of review for the denial of a motion to reconsider a prior summary judgment is whether the trial court abused its discretion. *Id.*

### B. The trial court did not reschedule the submission date of appellees' Motion.

The Burnetts initially contend the trial court erred by rescheduling the submission date of appellees' Motion without notifying the parties. Given that

---

[3] Appellants claim to have inadvertently filed a motion for continuance in the non-suited 2009 lawsuit. But the alleged motion for continuance is not contained in the appellate record, so we do not consider it. *See* Tex. R. App. P. 34.1.

they lacked notice of the purported new submission date, the Burnetts assert that the order granting partial summary judgment based on that Motion must be vacated, and the trial court abused its discretion by failing to do so. Because we conclude the trial court did not reschedule the submission date, we disagree.

In support of their argument that the trial court abused its discretion, the Burnetts rely completely on the undisputed fact that the trial court waited three weeks after the submission date to rule on appellees' Motion. The Burnetts do not point to anything in the record, however, establishing that the trial court rescheduled the submission date from August 15, 2011. In addition, they do not cite any legal authority for the proposition that not ruling on a motion for summary judgment on the actual day it was submitted and instead granting the motion on a later date constitutes a rescheduling of the submission date, requiring the court to provide notice of a new submission date to the parties. Finally, the Burnetts do not dispute that they had proper notice of the original submission date for appellees' Motion.

We conclude the trial court did not reschedule the submission date for appellees' Motion, and therefore committed no error when it granted the Motion three weeks after the submission date. *See Owen Elec. Supply, Inc. v. Brite Day Const., Inc.*, 821 S.W.2d 283, 288 (Tex. App.—Houston [1st Dist.] 1991, writ denied) ("The fact that the final summary judgment was granted a number of months after the original submission date does not constitute error when, as here, all parties had proper notice of the original submission date."). We also conclude the trial court did not abuse its discretion when it refused to vacate the partial summary judgment on this basis. We overrule this issue on appeal.

**III.** **The trial court did not abuse its discretion when it refused to vacate the partial summary judgment based on trial counsel's vacation letter.**

The Burnetts begin their next issue by asserting their attorney had a vacation letter on file with the Harris County District Clerk covering August 15, 2011, the submission date for appellees' Motion.[4] The Burnetts go on to argue that the vacation letter protected their attorney from having to file a response to appellees' Motion and prohibited the trial court from submitting the Motion on August 15.[5] They contend the trial court erred when it failed "to grant the continuance from the submission [of appellees' Motion on] August 15, 2011 based on the vacation letter filed by [the Burnetts'] counsel." They also assert the trial court abused its discretion when it refused to vacate the partial summary judgment on this basis.

The Burnetts admit that they did not file a motion for continuance in the 2011 case asking the trial court to postpone the submission of appellees' Motion. Although they filed such a motion in the non-suited 2009 case, the record does not reflect that the motion or the vacation letter were timely brought to the trial court's attention. We therefore hold they have not established that the trial court erred when it granted appellees' Motion or that it abused its discretion when it denied their motion to vacate the partial summary judgment based on the vacation letter. *See Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied) (refusing to conclude that trial court erred when it allegedly denied party's motion for continuance because record did not indicate that motion was ever brought to its attention or that it ruled on the motion if it was);

---

[4] Rule 11.1 of the Rules of the Harris County Civil District Courts provides that "an attorney may designate . . . four weeks of vacation during a calendar year as vacation, during which that attorney will not be assigned to trial or required to engage in any pretrial proceedings."

[5] Because it is not necessary to the disposition of this appeal, we express no opinion regarding the Burnetts' assertions about the effect of the vacation letter.

*Greenstein, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 179 (Tex. App.—Waco 1987, writ denied) ("A court is not required to consider a motion that is not called to its attention."). Moreover, the trial court was within its discretion to deny the Burnetts' motion to vacate given that it did not include a substantive response addressing appellees' grounds for summary judgment. We therefore overrule this issue.

## IV. The trial court did not abuse its discretion when it refused to reinstate the Burnetts' lawsuit after it had been dismissed for want of prosecution.

In their fourth issue, the Burnetts contend the trial court abused its discretion when it refused to reinstate their lawsuit after it had been dismissed for want of prosecution. The Burnetts assert the trial court should have granted reinstatement because it did not provide notice of its intent to dismiss their case for want of prosecution. Because the Burnetts failed to raise this argument in their motion to reinstate, we conclude they have failed to preserve this argument for appellate review. In addition, any lack of notice was cured because the Burnetts received notice their lawsuit had been dismissed in time to file a motion to reinstate, and they had an opportunity to be heard on that motion.

### A. Standard of review

When reviewing a trial court's denial of a motion to reinstate, we apply an abuse of discretion standard. *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *Id.* (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)).

**B.** **Trial courts must give parties notice of the intent to dismiss for want of prosecution, but any notice error was not preserved and in any event was cured.**

Both the Texas Rules of Civil Procedure and due process require a trial court to provide a litigant with notice and an opportunity to be heard before the court dismisses that litigant's case. Tex. R. Civ. P. 165a; *Keough*, 204 S.W.3d at 5. Failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution violates due process because it deprives the party of its right to be heard by the court. *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 128 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Any error resulting from the lack of notice can be cured, however, if a party receives notice of the dismissal order with sufficient time to file a motion to reinstate, and the party has an opportunity to be heard in connection with that motion. *See id.* at 128–29; *Keough*, 204 S.W.3d at 5.

In this case, the parties were ordered to appear for docket call on October 22, 2012, and the case was set for trial on October 29. Neither the Burnetts nor their attorney appeared for docket call. As a result, the trial court dismissed the Burnetts' case for "failing to appear and show cause for the case to be retained . . . ." The Burnetts argue on appeal that the trial court abused its discretion when it denied their Motion to Reinstate and for New Trial because they were not provided notice of the trial court's intent to dismiss their claims for want of prosecution.

After receiving notice of the actual dismissal order, the Burnetts timely filed their motion to reinstate. In this motion, the Burnetts did not assert as a ground for reinstatement that the trial court failed to provide them notice of its intent to dismiss their case for want of prosecution. Even when they filed a supplemental motion for reinstatement, the Burnetts still did not include lack of notice as a basis to reinstate their lawsuit. Because the Burnetts had the opportunity to bring lack of notice as a basis to reinstate their case to the trial court's attention but did not do

11

so, we conclude they failed to preserve this argument for appellate review. *See* Tex. R. App. P. 33.1(a)(1)(A); *Keough*, 204 S.W.3d at 5.

Even if the Burnetts had preserved their notice argument, they cannot show that the trial court abused its discretion by refusing to reinstate their suit. The Burnetts do not dispute that they received notice of the actual dismissal order. Upon receiving that notice, the Burnetts filed a Motion to Reinstate and for New Trial and scheduled an oral hearing on the motion. Therefore, even if the trial court failed to provide the Burnetts with notice of its intent to dismiss their case for want of prosecution, any error was cured when they received notice of the actual dismissal order in time to a file a motion to reinstate with an opportunity to be heard at a time when the trial court retained full control over the judgment. *Jimenez*, 999 S.W.2d at 128–29; *Keough*, 204 S.W.3d at 5–6; *see Harris County v. Miller*, 576 S.W.2d 808, 810 (Tex. 1979) (holding that either notice of the trial court's intent to dismiss or notice of the actual order of dismissal is sufficient notice under due process requirements). Accordingly, we overrule the Burnetts' issue based on their contention that the trial court abused its discretion when it denied their Motion to Reinstate and for New Trial.[6]

## V. Appellees have not established that they are entitled to an award of just damages as sanctions.

Texas Rule of Appellate Procedure 45 allows a court of appeals to award "just damages" as a sanction if it objectively determines, after examining the record, briefs, and other papers filed in an appeal, that the appeal is frivolous. *See* Tex. R. App. P. 45; *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—

---

[6] Because we have overruled the Burnetts' issues challenging the trial court's partial summary judgment and the trial court's dismissal of their remaining cause of action based on failure to prosecute, we need not address their issue on appeal challenging the trial court's striking of their expert witnesses. *See* Tex. R. App. P. 47.1.

Houston [14th Dist.] 2011, pet. denied) (en banc). When deciding whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had a reasonable basis to believe the case could be reversed on appeal. *Glassman*, 347 S.W.3d at 782. In addition, Rule 45 does not require that a court award sanctions after every frivolous appeal; rather, the imposition of sanctions is a discretionary decision exercised with prudence and caution and only after careful deliberation. *Id.*

Although the Burnetts were not successful in their appeal, they did raise substantive issues directed at the trial court's actions that were supported by legal authority and citations to the record. *See* Tex. R. App. P. 38.1. Therefore, we conclude that the Burnetts' appeal is not so objectively frivolous that just damages should be imposed as sanctions under Rule 45. *See* Tex. R. App. P. 45.

## CONCLUSION

Having overruled each argument raised in the Burnetts' appeal, we affirm the trial court's partial summary judgment and the order dismissing the Burnetts' case for want of prosecution. We deny appellees' motion for sanctions.


/s/   J. Brett Busby
      Justice


Panel consists of Justices McCally, Busby, and Wise.

13