**Affirmed in Part, Reversed and Remanded in Part, and Majority and Concurring Opinions filed September 29, 2020.**



In The

# Fourteenth Court of Appeals

---

NO. 14-18-00928-CV

---

**BRETT STETTNER, Appellant**

**V.**

**LEWIS & MAESE AUCTION, LLC, Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-15927**

---

## MAJORITY OPINION

In three issues, appellant/defendant Brett Stettner challenges the trial court's (1) denial of his motion for new trial based on alleged lack of notice of two summary-judgment motions filed by appellee/plaintiff Lewis & Maese Auction, LLC; and (2) rendition of summary judgment in favor of Lewis & Maese. We affirm in part and reverse and remand in part.

## I.  Factual and Procedural Background

Stettner attended an auction at which he placed winning bids on thirty items, including an advertised Picasso painting.  After Stettner failed to pay for the items, Lewis & Maese sued him, asserting breach-of-contract, fraud, and promissory-estoppel claims. Stettner answered the suit, asserting several affirmative defenses as well as counterclaims for breach of contract and fraud.  Stettner alleged that he did not pay for any of the items because Lewis & Maese misrepresented the value and authenticity of the Picasso painting.  In two motions, Lewis & Maese sought a traditional summary judgment on its breach-of-contract claims and a traditional and no-evidence summary judgment on Stettner's affirmative defenses and counterclaims.

After the trial court granted both summary-judgment motions, Lewis & Maese nonsuited its fraud and promissory-estoppel claims. Stettner then filed a "Motion for Rehearing or, in the Alternative, Motion for New Trial" (the "Motion for New Trial") with a supporting affidavit from Stettner's attorney. Stettner's attorney acknowledged that (1) he received a June 29, 2018 email that forwarded to him Lewis & Maese's summary-judgment motions and notice of the submission of these motions (the "June 29 Email"), and (2) he did not realize that an email had been sent to his email address in connection with this case or open the June 29 Email until after the trial court granted Lewis & Maese's summary-judgment motions.

Nearly two weeks after Stettner filed the Motion for New Trial, the trial court rendered final judgment in Lewis & Maese's favor.  One week after rendering final judgment, the trial court denied the Motion for New Trial.

2

## II. ISSUES AND ANALYSIS

Stettner contends in three issues that the trial court abused its discretion in failing to grant a new trial because (1) Stettner did not receive notice of the summary-judgment motions and their submission, (2) his failure to appear was not intentional or due to conscious indifference, and (3) Lewis & Maese failed to demonstrate its entitlement to summary judgment. We review a trial court's denial of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009).

**A.     Did the trial court err in denying Stettner a new trial based on his alleged failure to receive notice of the summary-judgment motions or their submission?**

Under his first issue, Stettner asserts that the trial court erred in failing to grant him a new trial because Stettner did not receive notice of Lewis & Maese's summary-judgment motions or their submission. Stettner alleged in the Motion for New Trial that his counsel did not receive notice of the motions for summary judgment until after the trial court had granted the motions. Though Stettner alleged in the Motion for New Trial that Lewis & Maese did not give him notice of the filing of its summary-judgment motions or the notices of submission for the motions, the law presumes that a trial court will grant summary judgment only after proper notice to the parties. *See Modelist v. Deutsche Bank Nat. Trust Co.*, No. 14-10-00249-CV, 2011 WL 3717010, at *2 (Tex. App.—Houston [14th Dist.] Aug. 25, 2011, no pet.) (mem. op.). To rebut this presumption, Stettner had the burden to affirmatively show a lack of notice by submitting evidence to the trial court rebutting this presumption. *See id*.

A document filed electronically under Texas Rule of Civil Procedure 21 "must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing

manager." Tex. R. Civ. P. 21a(a)(1). "Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party." Tex. R. Civ. P. 21a(b)(3). A certificate of service or an affidavit showing service of a notice constitutes prima facie evidence of the fact of service. Tex. R. Civ. P. 21a(e). Prima facie evidence of the fact of service does not preclude any party from offering proof that the document was not received. *See id*.

In each certificate of service in the summary-judgment motions and the notices of submission, counsel for Lewis & Maese certified that on June 29, 2018, a true and correct copy of the instrument was forwarded to all counsel of record in accordance with Texas Rules of Civil Procedure 21 and 21a and that the instrument was forwarded to Stettner's counsel "Via Facsimile . . . and/or Email: [stating the email address of Stettner's attorney]."[1] On appeal, Stettner asserts that the certificates of service do not properly show the method of service because in each, counsel for Lewis & Maese states that Stettner's attorney was served by facsimile or by email; yet, Stettner's attorney was served only electronically through the electronic filing manager. Lewis & Maese asserts that Stettner's attorney was served through the electronic filing manager at the email address stated in the certificates and that the references to service by email cover service through the electronic filing manager. Presuming, without deciding, that the references to service by email do not cover service through the electronic filing manager, and that the certificates incorrectly describe the method of service, Rule 21a does not require that the certificate of service specify the method of service, and a certificate of service raises a presumption of service and receipt, even if the certificate contains an incorrect statement as to the method of service. *See Univ. of Tex.*

---

[1] (boldface type in original omitted).

*Medical Branch at Galveston v. Durisseau*, No. 14-18-00314-CV, 2019 WL 5612933, at *3–4 (Tex. App.—Houston [14th Dist.] Oct. 31, 2019, no pet.) (mem. op.); *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 187 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Thus, the certificates of service in the summary-judgment motions and the notices of submission for the motions raised a presumption that Lewis & Maese served each document and that Stettner's attorney received each document. *See* Tex. R. Civ. P. 21a(e); *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005); *Approximately $14,980.00*, 261 S.W.3d at 186–87.

To rebut the presumption of receipt, Stettner had the burden to present evidence showing that Stettner's attorney did not receive the summary-judgment motions and the notices of submission. *See Modelist*, 2011 WL 3717010, at *2; *Approximately $14,980.00*, 261 S.W.3d at 186. In the absence of any proof to the contrary, the presumption has the force of a rule of law. *See Modelist*, 2011 WL 3717010, at *2; *Approximately $14,980.00*, 261 S.W.3d at 186.

In his affidavit filed in support of the Motion for New Trial, Stettner's attorney conceded that he received the June 29 Email that forwarded to him Lewis & Maese's summary-judgment motions and notice of the submission of these motions, but he asserted that he did not see or open the email until after the trial court granted the summary-judgment motions. Stettner's attorney testified that he first opened the June 29 Email on July 30, 2018. Stettner's attorney's month-long delay in opening the June 29 Email does not show that Stettner's attorney did not receive the June 29 Email on June 29, 2018. Stettner's attorney cannot shift the blame for his delay in opening the June 29 Email to Lewis & Maese, and his failure to open the June 29 Email promptly does not show that he did not receive notice of Lewis & Maese's summary-judgment motions or notice of the

submission of these motions. *See Lampkin v. Brock*, No. 03-16-00058-CV, 2016 WL 3917180, at *2 (Tex. App.—Austin July 15, 2016, pet. denied) (mem. op.). The law imputes to Stettner all notice his attorney received during the existence of their attorney/client relationship. *See Professional Security Patrol v. Perez*, No. 01-12-00506-CV, 2013 WL 4478020, at *3–4 (Tex. App.—Houston [1st Dist.] Aug. 20, 2013, no pet.) (mem. op.); *Buck v. Estate of Buck*, 291 S.W.3d 46, 60 (Tex. App.—Corpus Christi 2009, no pet.); *Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 5. n.2 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

On appeal, Stettner concedes that the certificates of service in the four documents created a rebuttable presumption of service, but Stettner maintains that he rebutted this presumption by submitting an affidavit from his attorney showing that his attorney did not receive notice of any of these documents until after the trial court granted the summary-judgment motions. Stettner does not argue that the June 29 Email did not give notice of Lewis & Maese's summary-judgment motions and notice that the motions would be submitted to the trial court for a ruling on July 23, 2018. Nor does Stettner assert that his attorney did not receive the June 29 Email on June 29, 2018. Instead, Stettner argues that Stettner's attorney did not have actual notice of the summary-judgment motions and their submission until after the trial court granted the motions. But Stettner's attorney's month-long delay in opening the June 29 Email does not mean that he did not receive the June 29 Email giving notice of the motions and their submission. *See Lampkin*, 2016 WL 3917180, at *2; *Perez*, 2013 WL 4478020, at *3–4; *Buck*, 291 S.W.3d at 60.

In response to the Motion for New Trial, Lewis & Maese presented documents showing that the motions and notices of submission were served on Stettner's counsel through the electronic filing manager on June 29, 2018. On appeal, Stettner challenges the lack of authentication of these documents.

Nonetheless, even if we ignore the documents Lewis & Maese submitted in response to the Motion for New Trial, the record shows Stettner submitted no evidence to the trial court rebutting the presumption of proper service, receipt, and notice. *See Modelist*, 2011 WL 3717010, at *2; *Approximately $14,980.00*, 261 S.W.3d at 186. In the absence of any evidence rebutting these presumptions, the trial court did not err in denying the part of the Motion for New Trial in which Stettner sought a new trial on the ground that he did not receive notice of Lewis & Maese's summary-judgment motions or their submission. *See Modelist*, 2011 WL 3717010, at *2; *Approximately $14,980.00*, 261 S.W.3d at 186. Thus, we overrule Stettner's first issue.

**B.** **Did the trial court err in failing to grant a new trial on the ground that Stettner's failure to respond to the summary-judgment motions was not intentional or due to conscious indifference?**

In his second issue, Stettner asserts that the trial court erred in failing to grant Stettner a new trial on the ground that Stettner's failure to respond to the summary-judgment motions was not intentional or due to conscious indifference. Stettner asserts that his failure to respond to the summary-judgment motions was due to accident or mistake.

A motion for new trial preserves for appellate review only those complaints raised in the motion. *Approximately $5,602.00 v. State*, No. 14-08-00359-CV, 2009 WL 1886127, at *1 (Tex. App.—Houston [14th Dist.] July 2, 2009, no pet.) (mem. op.). A complaint on appeal is not preserved by a motion for new trial that raised a different issue before the trial court. *Approximately $5,602.00*, 2009 WL 1886127, at *1. Stettner had to preserve his second issue by raising it in the trial court through a timely request, objection, or motion stating the grounds for the ruling he sought from the trial court with sufficient specificity to make the trial court aware of his complaint, unless the specific grounds were apparent from the context. *See*

7

Tex. R. App. P. 33.1(a); *Approximately $5,602.00*, 2009 WL 1886127, at *1. Stettner did not assert in the trial court that his failure to respond to the summary-judgment motions was not intentional or due to conscious indifference or that the trial court should grant him a new trial on this basis. Because Stettner did not raise the second issue in the trial court, and this specific ground was not apparent from context, Stettner failed to preserve error in the trial court, and thus waived his second issue. *See Approximately $5,602.00*, 2009 WL 1886127, at *1; *Gammill v. Fettner*, 297 S.W.3d 792, 801–02 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Stettner cites cases in which courts apply the three factors from *Craddock v. Sunshine Bus Lines, Inc. See* 133 S.W.2d 124, 126 (Tex. 1939). Without addressing whether these factors would apply in this case, we note that Stettner did not raise each of the three factors in the trial court, and he has not argued each of these factors on appeal. So, the applicability of the *Craddock* test is not before this court. *See Ellis v. Ellis*, No. 13-07-0034-CV, 2008 WL 328025, at *1 (Tex. App.—Corpus Christi Feb. 7, 2008, pet. denied) (mem. op.); *Stewart v. C.L. Trammell Props., Inc.*, No. 05-04-01027-CV, 2005 WL 2234637, at *1–2 (Tex. App.—Dallas Sept. 15, 2005, no pet.) (mem. op.).

Our concurring colleague asserts that we should address whether the *Craddock* test or the good-cause legal standard from *Carpenter v. Cimarron Hydrocarbons Corporation* applies to this case. *See* 98 S.W.3d 682, 688 (Tex. 2002). Stettner did not preserve error in the trial court as to either potential basis for relief. Stettner does not cite this court's opinion in *Ramey v. Bank of Am., N.A.* or assert that it applies to today's case. *See* No. 14-11-01109-CV, 2013 WL 84922 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, no pet.) (mem. op.). Nor does Stettner assert that he showed entitlement to relief under the *Carpenter* good-cause standard. We were able to overrule Stettner's first issue without addressing

8

whether either legal standard applied. *See Modelist*, 2011 WL 3717010, at *2 (determining that the trial court did not abuse its discretion by rejecting the appellant's lack-of-notice arguments because appellant did not rebut the presumption of notice, without addressing whether the appellant had shown good cause or satisfied the *Craddock* test). Any statement by this court as to the applicability of the *Craddock* test or the good-cause legal standard from *Carpenter* would be an obiter dictum that would not aid the bench or the bar. *See Metro. Stevedore Co. v. Rambo*, 515 U.S. 291, 299–300, 115 S.Ct. 2144, 2149, 132 L.Ed.2d 226 (1995).

We overrule the second issue.

## C. Has Stettner shown that the trial court erred in granting Lewis & Maese's motion for a no-evidence summary judgment?

Under his third issue, Stettner asserts that Lewis & Maese failed to demonstrate its entitlement to a no-evidence summary judgment. In response to Lewis & Maese's petition, Stettner asserted affirmative defenses of estoppel, fraud, lack of consideration, and failure of consideration as well as counterclaims for breach of contract and fraud. In its no-evidence motion, Lewis & Maese asserted that Stettner had no evidence as to (1) five essential elements of his affirmative defense of estoppel, (2) six essential elements of his affirmative defense of fraud, (3) one essential element of his affirmative defenses of lack of consideration and failure of consideration, (4) three of the four essential elements of his breach-of-contract counterclaim, and (5) six essential elements of his fraud counterclaim.

Liberally construing his appellate brief, we conclude that Stettner asserts that the evidence raises fact issues as to his affirmative defense of fraud and his counterclaim for fraud. But all of the evidence Stettner cites is evidence attached to Lewis & Maese's summary-judgment motion. In reviewing the propriety of

summary judgment on no-evidence grounds, we ignore evidence attached to a combined summary-judgment motion and offered in support of traditional-summary-judgment grounds, unless the non-movant directed the trial court to that evidence in the response to the movant's no-evidence motion. *See Perkins v. Walker*, No. 14-17-00579-CV, 2018 WL 3543525, at *4 (Tex. App.—Houston [14th Dist.] July 24, 2018, no pet.) (mem. op.). Likewise, Stettner may not obtain a reversal of a no-evidence summary-judgment motion based on evidence attached to items filed in the trial court other than a summary-judgment response, unless he identified the evidence purportedly raising a genuine fact issue in a summary-judgment response. *See Lee v. Palacios,* No. 14–06–00428–CV, 2007 WL 2990277, at *2 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007, pet. denied) (mem. op.). Thus, the evidence upon which Stettner relies cannot be used to get a reversal of the trial court's no-evidence summary judgment as to the fraud affirmative defense or the fraud counterclaim. *See Perkins*, 2018 WL 3543525, at *4; *Lee*, 2007 WL 2990277, at *2.

In its no-evidence motion, Lewis & Maese asserted no-evidence grounds against at least one essential element of each of Stettner's affirmative offenses and counterclaims. Stettner did not file a summary-judgment response. Thus, Stettner has not shown that the trial court erred in granting the no-evidence summary-judgment motion as to Stettner's affirmative defenses and counterclaims, and we need not address whether the trial court erred in granting a traditional summary judgment as to Stettner's affirmative offenses and counterclaims. *See Modelist,* 2011 WL 3717010, at *2; *Lee*, 2007 WL 2990277, at *1–3.

**D. Has Stettner shown that the trial court erred in granting Lewis & Maese's motion for summary judgment on its breach-of-contract claims?**

Under his third issue, Stettner also challenges the trial court's granting of

Lewis & Maese's motion for a traditional summary judgment as to its thirty breach-of-contract claims (the "Traditional Motion"). Stettner asserts that a fact issue exists because David Lewis testified in his summary-judgment affidavit that the Lewis & Maese auction at issue in this case took place on September 1, 2016, but other summary-judgment evidence shows that the auction occurred on September 21, 2016. The documentary evidence Lewis & Maese submitted shows that the auction occurred on September 21, 2016. Lewis & Maese alleged in its live pleading and in its Traditional Motion that the auction took place on that date. Even presuming that the error in David Lewis's affidavit raised a fact issue, it would not be a genuine issue of material fact precluding summary judgment. *See Vela v. Vela*, No. 14-12-00822-CV, 2013 WL 6700270, at *4 (Tex. App.—Houston [14th Dist.] Sept. 24, 2013, no pet.) (mem. op.); *Hernandez v. Lukefahr*, 879 S.W.2d 137, 143 (Tex. App.—Houston [14th Dist.] 1994, no writ).

Though Stettner did not file a response to the Traditional Motion, he still may challenge on appeal whether the summary-judgment evidence conclusively proved Lewis & Maese's entitlement to summary judgment on its breach-of-contract claims. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Butt v. Ali*, No. 14-15-01096-CV, 2017 WL 1015583, at *3 (Tex. App.—Houston [14th Dist.] Mar. 14, 2017, no pet.) (mem. op.). In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst.*, 28 S.W.3d at 23. In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding contrary

evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

Section 2.703 of the Texas Business and Commerce Code, entitled "Seller's Remedies in General," provides as follows:

> Where the buyer wrongfully rejects or revokes acceptance of goods or fails to make a payment due on or before delivery or repudiates with respect to a part or the whole, then with respect to any goods directly affected and, if the breach is of the whole contract (Section 2.612), then also with respect to the whole undelivered balance, the aggrieved seller may
>
> (1) withhold delivery of such goods.
>
> (2) stop delivery by any bailee as hereafter provided (Section 2.705);
>
> (3) proceed under the next section respecting goods still unidentified to the contract;
>
> (4) resell and recover damages as hereafter provided (Section 2.706);
>
> (5) recover damages for non-acceptance (Section 2.708) or in a proper case the price (Section 2.709);
>
> (6) cancel.

Tex. Bus. & Comm. Code Ann § 2.703. In the Traditional Motion, Lewis & Maese sought damages under section 2.706 of the Texas Business and Commerce Code. This provision, entitled "Seller's Resale Including Contract for Resale," provides as follows:

> (a) Under the conditions stated in Section 2.703 on seller's remedies, the seller may resell the goods concerned or the undelivered balance thereof. Where the resale is made in good faith and in a commercially reasonable manner the seller may recover the difference between the

resale price and the contract price together with any incidental damages allowed under the provisions of this chapter (Section 2.710), but less expenses saved in consequence of the buyer's breach.

. . .

(c) Where the resale is at private sale the seller must give the buyer reasonable notification of his intention to resell.

(d) Where the resale is at public sale

. . .

(2) . . . except in the case of goods which are perishable or threaten to decline in value speedily the seller must give the buyer reasonable notice of the time and place of the resale.

Tex. Bus. & Comm. Code Ann § 2.706. Under section 2.706, if an aggrieved seller resells the goods concerned in good faith and in a commercially reasonable manner, the seller may recover breach-of-contract damages measured by the difference between the resale price and the contract price, together with any incidental damages allowed under section 2.710, but less expenses saved in consequence of the buyer's breach. *See* Tex. Bus. & Com. Code § 2.706; *Cook Composites, Inc. v. Westlake Styrene Corp.*, 15 S.W.3d 124, 137 (Tex. App.— Houston [14th Dist.] 2000, no pet.). The seller must give the buyer reasonable notice of the seller's intention to resell the goods. *See* Tex. Bus. & Com. Code § 2.706; *Cook Composites, Inc.*, 15 S.W.3d at 137. Stettner contends that Lewis & Maese did not prove that (1) any of the goods were resold in good faith and in a commercially reasonable manner, or (2) Lewis & Maese notified Stettner of its intent to sell any of the goods either at a private sale or at a public sale. This court has held that each of these requirements is an essential element of a seller's prima facie breach-of-contract case. *See* Tex. Bus. & Com. Code § 2.706; *Cook Composites, Inc.*, 15 S.W.3d at 137–38. So, for Lewis & Maese to be entitled to summary judgment as to each of the thirty breach-of-contract claims, the summary-judgment evidence must prove as a matter of law that (1) each of the

thirty items was resold in good faith and in a commercially reasonable manner, and (2) Lewis & Maese notified Stettner of its intent to sell each item sold either at a private sale or at a public sale. *See id*. at 137–38.

Lewis & Maese presented evidence that Stettner had asked Lewis & Maese to release the items to the underbidders. Presuming without deciding that this request is equivalent to notice of the seller's intention to resell the goods under section 2.706, Lewis & Maese also had to prove conclusively that it resold each item in a commercially reasonable manner. *See* Tex. Bus. & Com. Code § 2.706; *Cook Composites, Inc.*, 15 S.W.3d at 137–38. Lewis & Maese did not present any evidence showing that it resold one or more of the items in a commercially reasonable manner.

On appeal, Lewis & Maese contends that it also was entitled to recover damages under sections 2.708 and 2.709 of the Texas Business and Commerce Code. *See* Tex. Bus. & Comm. Code Ann. §§ 2.708, 2.709. Lewis & Maese, however, expressly moved for summary judgment based on damages under section 2.706; Lewis & Maese did not assert any summary-judgment ground seeking damages under either section 2.708 or section 2.709. Thus, we may not affirm the summary judgment based on damages under section 2.708 or section 2.709. *See Rush v. Barrios*, 56 S.W.3d 88, 97 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (stating that "[o]ur review is limited to the issues presented to the trial court in the motion for summary judgment, as the judgment may be affirmed only on grounds presented in the motion.").

Moreover, under section 2.708, the measure of damages is "the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages, but less expenses saved in consequence of the buyer's breach." Tex. Bus. & Com. Code § 2.708(a). Lewis &

14

Maese did not prove conclusively the market price at the time and place for tender. Under section 2.709, the seller may recover the price of goods identified to the contract "if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing." *Id*. § 2.709(a)(2). Lewis & Maese did not prove as a matter of law (1) a reasonable effort to resell the goods at a reasonable price, or (2) that the circumstances reasonably indicated such an effort would be unavailing. *See id*.

Under the applicable standard of review, the summary-judgment evidence did not prove as a matter of law the damages Lewis & Maese sought in the Traditional Motion as to any of its breach-of-contract claims. *See* Tex. Bus. & Com. Code § 2.706; *Cook Composites, Inc.*, 15 S.W.3d at 137–38. Thus, we sustain the third issue to this extent, and we conclude that the trial court erred in granting summary judgment in favor of Lewis & Maese on its breach-of-contract claims. We overrule the remainder of the third issue.

### III.    CONCLUSION

Stettner submitted no evidence to the trial court rebutting the presumptions of proper service, receipt, and notice. In the absence of any evidence rebutting these presumptions, the trial court did not err in denying the part of the Motion for New Trial in which Stettner sought a new trial on the stated grounds that he did not receive notice of Lewis & Maese's summary-judgment motions or their submission.

Stettner failed to preserve error in the trial court as to his second issue, in which he asserts that the trial court erred in failing to grant Stettner a new trial on the ground that Stettner's failure to respond to the summary-judgment motions was not intentional or due to conscious indifference. Stettner has not shown that the trial court erred in granting the no-evidence summary-judgment motion as to

15

Stettner's affirmative offenses and counterclaims. Even so, the summary-judgment evidence did not prove as a matter of law the damages Lewis & Maese sought to recover in the Traditional Motion as to any of Lewis & Maese's breach-of-contract claims.

We reverse the trial court's judgment as to Lewis & Maese's breach-of-contract claims and remand for proceedings consistent with this opinion. We affirm the trial court's judgment in all other respects.


/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot (Bourliot, J., concurring).

16