**Reversed and Remanded and Opinion filed June 21, 2018.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-17-00122-CV

## DWIGHT GILLIS, Appellant

## V.

## HARRIS COUNTY, TEXAS, Appellee

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2016-44756**

## O P I N I O N

Appellant Dwight Gillis appeals from the trial court's dismissal for want of prosecution of his lawsuit against appellee Harris County, Texas. Gillis sued Harris County for employment discrimination and violations of the Texas Constitution after he was discharged from his employment as a deputy constable. The trial court dismissed Gillis's lawsuit after neither he nor his attorney appeared at a pretrial scheduling conference. The trial court also denied Gillis's motion to reinstate.

Because Gillis presented proof that his failure to appear for the pretrial conference was not intentional or due to conscious indifference but was due to an accident, mistake, or other reasonable explanation, we reverse and remand for further proceedings.

### *Background*

Gillis filed suit on July 5, 2016, and Harris County answered in September 2016. On September 20, the trial court sent the parties notice of a case management conference scheduled for November 7, 2016. In the notice, the court stated that an agreed docket control order could be filed in lieu of appearing at the conference. The court further stated that if no agreed order was filed and counsel failed to appear for the conference, the matter was "subject to dismissal by the court." It is undisputed that neither Gillis nor his counsel appeared at the conference. The trial court subsequently dismissed the case for want of prosecution on November 11, 2016.[1]

On December 9, 2016, Gillis's counsel of record, Laurence Watts, filed a motion to reinstate, asserting that the failure to attend the case management conference was inadvertent and unintentional. In the motion, Watts explained that he "had been dealing with issues with a legal assistant whose chronic disease interfered with her performance of duties" and the conference was never calendared on Watts's schedule. Watts further stated that he suffered a heart attack on October

---

[1] Texas Rule of Civil Procedure 165a permits a trial court to dismiss a case for want of prosecution when a party fails to appear for a hearing or trial. Tex. R. Civ. P. 165a(1). The Texas Supreme Court has held that the rule encompasses the failure to appear for a pretrial scheduling conference. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 851-52 (Tex. 2004); *see also Woods v. Quorum Hotels & Resorts, Ltd.*, No. 02-12-00043-CV, 2013 WL 362734, at *2-3 (Tex. App.—Fort Worth Jan. 31, 2013, no pet.) (mem. op.). The rules of civil procedure and due process require that trial courts provide litigants with notice before dismissing a case for want of prosecution; however, because Gillis does not challenge the notice provided in this case, we offer no opinion regarding the sufficiency of that notice. *See Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

21, 2016, spent several days in the hospital, and was placed on restrictions afterwards that prevented him from appearing in court. He said that had the conference been properly calendared, he would have explained his situation to the court and requested an accommodation.

At the end of the motion, Watts placed the following purported verification statement:

<u>**VERIFICATION**</u>

I, Larry Watts verify upon penalty of perjury that the facts stated herein above are true to my personal knowledge.

<u>/s/ Larry Watts</u>

The signature line was completed as shown, "/s/ Larry Watts," and did not include an actual signature. In its response to the motion to reinstate, Harris County asserted, among other things, that the verification was improper because it did not contain a valid signature.

At the hearing on the motion to reinstate, Watts appeared along with co-counsel, Nastasha Anderson. Anderson took the lead in the hearing, reminded the court of the brief procedural history of the case, and explained how and why the pretrial conference was missed. Her explanation was substantially similar to what Watts stated in the motion and included the health issues of the legal assistant and Watts's heart attack and subsequent restrictions. The attorney representing Harris County then informed the court, "the actual substance of the facts, Harris County is not putting in dispute at this time; but we are putting in dispute the verification." The attorneys then debated whether Watts's purported verification of the motion was sufficient. At the conclusion of the hearing, the trial court denied the motion.

Gillis filed his notice of appeal on February 14, 2017, 95 days after the dismissal. In two issues on appeal, Gillis contends that the trial court erred in

3

dismissing his lawsuit for want of prosecution and denying the motion to reinstate.

## *Jurisdiction*

Harris County initially asserts that we lack jurisdiction to consider the merits of Gillis's appeal because Gillis did not file a properly verified motion to reinstate and, therefore, his notice of appeal was not timely. Its argument principally centers on the validity of Watts's signature on the motion. We conclude that the signature is valid, the verification is sufficient, and we therefore have appellate jurisdiction in this case.

When a plaintiff's lawsuit is dismissed for want or prosecution, the only available remedy is to file a motion for reinstatement. *E.g., Sepeda v. State*, No. 14-14-00443-CV, 2015 WL 4366220, at *4 (Tex. App.—Houston [14th Dist.] July 16, 2015, pet. denied) (mem. op.); *Watson v. Clark*, No. 14–14–00031–CV, 2015 WL 780563, at *1 (Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) (mem. op.). If the plaintiff does not file a timely, verified motion to reinstate, the trial court's plenary power expires 30 days after the date of the dismissal order. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *Watson*, 2015 WL 780563, at *2 & n.1. Moreover, if the plaintiff does not file a timely, verified motion to reinstate, the deadline to file a notice of appeal is 45 days after the date of the dismissal order (including 30-day deadline and 15-day extension period). *See Watson*, 2015 WL 780563, at *3 (citing Tex. R. App. P. 26.1, 26.3, and *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)); *Ameriquest Mortg. Co. v. Marron*, No. 14–13–00340–CV, 2013 WL 2444602, at *1–2 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (mem. op.) (same). In the absence of a timely notice of appeal, we lack jurisdiction over an attempted normal appeal. *See Watson*, 2015 WL 780563, at *3; *Ameriquest*, 2013 WL 2444602, at *4.

4

In the present case, Gillis filed his notice of appeal more than 45 days after entry of the trial court's dismissal order; accordingly, if he failed to timely file a verified motion to reinstate, we lack jurisdiction to consider his appeal. *See Watson*, 2015 WL 780563, at *3; *Ameriquest*, 2013 WL 2444602, at *1-2, 4.[2]

As stated, Harris County challenges the validity of Watts's verification of the motion to reinstate. Texas Rule of Civil Procedure 165a(3) requires that motions to reinstate after a dismissal for want of prosecution must be verified by the party or his or her counsel. Tex. R. Civ. P. 165a(3); *McConnell*, 800 S.W.2d at 194; *Butts*, 705 S.W.2d at 697. In *Guest v. Dixon*, the Texas Supreme Court held that an affidavit could satisfy the verification requirement of Rule 165a(3). 195 S.W.3d 687, 688-89 (Tex. 2006).[3]

While Gillis acknowledges that the attempted verification was not sworn, notarized, or in the form of an affidavit, he asserts that the attempted verification fulfills the requirements of an "unsworn declaration." Under section 132.001 of the Civil Practice and Remedies Code, "an unsworn declaration may be used in lieu of a written sworn declaration, ***verification***, certification, oath, or affidavit required by statute or ***required by a rule***, order, or requirement adopted as provided by law." Tex. Civ. Prac. & Rem. Code §132.001(a) (emphasis added). The section further specifies that to be suitable, the unsworn declaration must be subscribed by the

---

[2] Conversely, if Gillis timely filed a verified motion to reinstate, his notice of appeal would have been timely. As stated, Gillis filed his notice 95 days after the dismissal order was entered, and the deadline after a timely-filed, verified motion is 105 days after dismissal (90-day deadline plus 15-day extension). *See, e.g., Johnson v. AT&T, Inc.,* No. 14-13-00205-CV, 2013 WL 2149867, at *1 (Tex. App.—Houston [14th Dist.] May 16, 2013, no pet.) (mem. op.).

[3] In *Guest*, the supreme court assumed that *McConnell* and *Butts* survived notwithstanding recent cases construing procedural rules liberally so that the right to appeal was not unnecessarily lost to technicalities. 195 S.W.3d at 688-89. We have consistently continued to apply the requirements of *McConnell*, *Butts*, and Rule 165a(3) in light of the comments in *Guest*. *See Watson*, 2015 WL 780563, at *3; *Ameriquest*, 2013 WL 2444602, at *1-2.

person making the declaration and contain a jurat in substantially the form shown. *Id.* § 132.001(c)(2), (d).

Although Gillis further acknowledges that Watts's attempted verification did not contain all of the jurat elements set forth in section 132.001—such as his address, date of birth, and middle name and the date and county of execution—he asserts that the attempted verification was substantially in compliance because it contained the phrase "upon penalty of perjury." Indeed, such language, along with a signature, has been described as the key to an unsworn declaration and consistently upheld as in substantial compliance with section 132.001. *See, e.g., Bonney v. U.S. Bank Nat'l Ass'n*, No. 05-15-01057-CV, 2016 WL 3902607, at *3 (Tex. App.—Dallas July 14, 2016, no pet.) (mem. op.); *Hardwick v. Hardwick*, No. 02-15-00325-CV, 2016 WL 5442772, at *2 (Tex. App.—Fort Worth Sept. 29, 2016, no pet.) (mem. op.); *United Rentals, Inc. v. Smith*, 445 S.W.3d 808, 813 (Tex. App.—El Paso 2014, no pet.); *Dominguez v. State*, 441 S.W.3d 652, 658 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Scott v. Smith*, No. 14-05-00409-CV, 2007 WL 925816, at *1 & n.2 (Tex. App.—Houston [14th Dist.] Mar. 29, 2007, no pet.); *see also Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558, 564 (Tex. 2012) (emphasizing that statements in an unsworn declaration are "subscribed . . . as true under penalty of perjury" and thus "[t]he verity of a declaration is . . . assured by the criminal penalties for perjury").[4]

As indicated, however, an additional concern here is that Watts did not sign the attempted verification by hand; instead, the signature line contains the printed text "/s/ Larry Watts." Gillis argues that this notation was sufficient as an "electronic

---

[4] We additionally note that although not specifically part of the jurat, Watts's address and a date of execution for the certificate of service appear on the same page as the purported verification.

6

signature." Harris County, of course, asserts that it was not.

The motion containing the purported verification was electronically filed. Texas Rule of Civil Procedure 21(f) provides two different forms of acceptable electronic signatures for e-filed documents. Under subsection (A), "a '/s/' and name typed in the space where the signature would otherwise appear" is acceptable as a signature "unless the document is notarized or sworn." Under subsection (B), "an electronic image or scanned image of the signature" is acceptable. Therefore, the subsection (B) option must be used whenever a "document is notarized or sworn." Watts's signature was clearly of the subsection (A) variety. The key point, though, is that the motion to reinstate was not "notarized or sworn." As discussed above, Watt instead used an "*unsworn* declaration" under Civil Practice and Remedies Code section 132.001 in lieu of a verification. His electronic signature in the format provided by Rule 21(f)(A) was therefore a valid signature.[5]

Because Watts's signature was valid and the verification sufficient, we have jurisdiction to consider Gillis's appeal. *See supra* n.2.

### *Motion to Reinstate*

We begin our substantive analysis with Gillis's second issue, asserting that the trial court erred in denying his motion to reinstate. Because we agree that the trial court so erred, we need not consider Gillis's first issue.

We review a trial court's denial of a motion to reinstate under an abuse of discretion standard. *Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 467 (Tex. 1995) (per curiam); *Anambra State Cmty. in Houston, Inc. (ANASCO) v. Ulasi*, No. 14-16-01001-CV, 2018 WL 1611644, at *1 (Tex. App.—Houston [14th Dist.]

---

[5] The drafters of Rule 21(f) could have explicitly indicated whether subsection (A) or subsection (B) should be followed for unsworn declarations under section 132.001, but they chose not to do so.

Apr. 3, 2018, no pet. h.) (mem. op.). A trial court abuses its discretion when it acts arbitrarily or without reference to guiding rules and principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012).

The standard for reinstatement pursuant to Rule 165a(3) "is essentially the same as that for setting aside a default judgment." *Smith*, 913 S.W.2d at 468; *Henderson v. Blalock*, 465 S.W.3d 318, 323 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The party seeking reinstatement has the burden and must provide some proof of an adequate justification for the failure that negates intent or conscious indifference. *See Smith*, 913 S.W.2d at 468; *Henderson*, 465 S.W.3d at 323. "Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Smith*, 913 S.W.2d at 468; *see also Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 4 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

As discussed above, in the verified motion to reinstate, Gillis's counsel, Watts, stated that his failure to appear at the pretrial conference was inadvertent and unintentional. He explained that the conference was never calendared on his schedule as he "had been dealing with issues with a legal assistant whose chronic disease interfered with her performance of duties." Watts further explained that he suffered a heart attack 17 days before the conference, spent several days in the hospital, and was placed on restrictions afterwards that prevented him from appearing in court until well after the conference date. At the hearing on the motion, Gillis's other counsel, Anderson, explained to the court the brief history of the case up to that point and reiterated what Watts had said in the motion. In response, counsel for Harris County informed the court that Harris County was not disputing the facts as presented in the motion but only whether the motion was properly verified.

Watts's explanation in the motion provided the necessary proof that he missed

8

the pretrial conference due to an accident, mistake, or other reasonable explanation and not intentionally or due to conscious indifference. *See Smith*, 913 S.W.2d at 468; *Keough*, 204 S.W.3d at 4; *see also Lynch v. George-Baunchand*, No. 14-14-00186-CV, 2015 WL 4930758, at \*4-5 (Tex. App.—Houston [14th Dist.] Aug. 18, 2015, no pet.) (mem. op.) (holding trial court abused its discretion when it denied motion for reinstatement because verified motion to reinstate reasonably explained why attorney failed to appear at docket call and the record contained no evidence that the failure was intentional or the result of conscious indifference). Accordingly, the trial court could not have properly denied Gillis's motion to reinstate pursuant to Rule 165a.[6]

---

[6] A trial court has authority to dismiss a case for want of prosecution pursuant to both Texas Rule of Civil Procedure 165a and the court's inherent power. *See* Tex. R. Civ. P. 165a(1), (4); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *UNASCO*, 2018 WL 1611644, at \*2. Although the trial court here did not explicitly state that the dismissal was pursuant to Rule 165a, it appears that the court's action was taken pursuant to that rule. As stated above, Rule 165a permits a court to dismiss a case for failure to appear for a hearing or trial. *See supra* n.1. Pursuant to its inherent power, a trial court may dismiss a case when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630. A failure of due diligence typically involves more than one lone failure to appear for a hearing. *See generally MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) ("[T]he central issue is whether the plaintiffs exercised reasonable diligence."); *Bjorkstam v. Woodward, Inc.*, No. 14-14-00927-CV, 2016 WL 1072298, at \*1 (Tex. App.—Houston [14th Dist.] Mar. 17, 2016, no pet.) (mem. op.) (explaining that in reviewing a dismissal under the common law, appellate courts look at the entire procedural history of the case); *Keough*, 204 S.W.3d at 4–5 (listing factors court's typically consider before dismissing a case for want of prosecution, including the length of time the case has been on file, the extent of activity, whether a trial setting was requested, and the existence of reasonable excuses for the delay).

Here, the trial court stated one basis for dismissing Gillis's lawsuit: failure to appear at the pretrial conference. We therefore interpret this dismissal as under Rule 165a and not the court's inherent power. Accordingly, we do not separately analyze the refusal to reinstate under the common law.

## *Conclusion*

The trial court abused its discretion in denying Gillis's motion to reinstate. Accordingly, we sustain Gillis's second issue and do not need to address his first issue.

We reverse and remand for further proceedings.


/s/    Martha Hill Jamison
         Justice


Panel consists of Justices Boyce, Jamison, and Brown.