**Dismissed and Majority and Concurring Opinions filed July 2, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00349-CV

---

**WALTER M. JARRELL, JR., DDS, INDIVIDUALLY, AND WALTER M. JARRELL, JR., DDS, INC., A TEXAS CORPORATION, Appellants**

**V.**

**TIFFANY BERGDORF, INDIVIDUALLY, LYNN HALTERMAN, INDIVIDUALLY, RANDALL RAIMOND, INDIVIDUALLY, ALLEN THORNBERG, INDIVIDUALLY, AND AFTCO, INC., A TEXAS CORPORATION, Appellees**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-43505**

---

## M A J O R I T Y   O P I N I O N

Appellants Walter M. Jarrell, Jr. and Walter M. Jarrell, Jr., DDS, Inc. (collectively, the "Jarrell Parties") attempt to appeal from an order signed February 9, 2018, dismissing the above-referenced suit for want of prosecution. The Jarrell

Parties filed a notice of appeal on May 1, 2018. We conclude we lack jurisdiction and dismiss the appeal.

## Background

The Jarrell Parties sued appellees Tiffany Bergdorf, Lynn Halterman, Randall Raimond, Allen Thornberg, and Aftco, Inc., asserting contract and tort claims stemming from appellees' role in the sale of the Jarrell Parties' dental practice. On January 26, 2018, the trial court held a pre-trial conference. Neither the Jarrell Parties nor their attorney appeared. On February 9, the trial court signed an order dismissing the Jarrell Parties' suit for want of prosecution.

The Jarrell Parties filed an unverified "Emergency Motion to Reinstate Case" on March 9 and a verified "First Amended Emergency Motion to Reinstate" on March 22 ("Amended Motion"). In their Amended Motion, the Jarrell Parties sought two forms of relief. First, they requested reinstatement, claiming their counsel was inadvertently absent from the January 26 pre-trial conference. Second, the Jarrell Parties sought to invoke Texas Rule of Civil Procedure 306a to re-start the appellate deadlines based on when counsel first learned of the dismissal order. Specifically, the Jarrell Parties asserted that their counsel first received actual notice of the dismissal order on March 9. If March 9 is the date from which appellate deadlines run, then the Jarrell Parties' March 22 verified Amended Motion, having been filed within thirty days of March 9, would be considered timely.

Appellee Randall Raimond responded on March 29, pointing out that the Amended Motion did not include all of the allegations required by subsections (4) and (5) of Texas Rule of Civil Procedure 306a because the Amended Motion did not address when the Jarrell Parties, as opposed to their counsel, first received notice or acquired actual knowledge of the signing of the dismissal order. The

2

Jarrell Parties did not amend the Amended Motion. The trial court held a hearing on the Amended Motion on March 29, 2018. No record was made of the proceedings at the hearing. The trial court denied the Jarrell Parties' motion to reinstate on April 2. The Jarrell Parties filed their notice of appeal on May 1, which is eighty days after the trial court's dismissal order. The Jarrell Parties' notice of appeal identifies only the trial court's order denying the motion to reinstate. A trial court's order denying a motion to reinstate is not a separately appealable order from which the appellate timetable is calculated. *See McCoy v. N. Forest Indep. Sch. Dist.*, No. 14-07-00523-CV, 2007 WL 5209540, at *2 (Tex. App.—Houston [14th Dist.] Nov. 15, 2007, no pet.) (mem. op.). However, the Supreme Court of Texas has repeatedly admonished appellate courts to consider any "bona fide attempt" to invoke jurisdiction. *See, e.g.*, *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam); *Blankenship v. Robins*, 878 S.W.2d 138, 138-39 (Tex. 1994) (per curiam); *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam). Accordingly, we construe the Jarrell Parties' notice of appeal as a bona fide attempt to appeal the trial court's February 9 dismissal order.

## Analysis

In four issues, the Jarrell Parties ask this court to vacate the dismissal, reinstate their lawsuit, and remand the case for further proceedings. In addition to responding on the merits, appellee Randall Raimond also contends that we lack jurisdiction over the Jarrell Parties' appeal. We agree with Raimond.

When a plaintiff's lawsuit is dismissed for want of prosecution, the only available remedy is a motion for reinstatement. *See Gillis v. Harris County*, 554 S.W.3d 188, 191 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Watson v. Clark*, No. 14-14-00031-CV, 2015 WL 780563, at *1 (Tex. App.—Houston [14th

3

Dist.] Feb. 24, 2015, no pet.) (mem. op.). Texas Rule of Civil Procedure 165a(3) requires a motion to reinstate be "verified by the movant or his attorney." Tex. R. Civ. P. 165a(3); *see also Guest v. Dixon*, 195 S.W.3d 687, 688-89 (Tex. 2006). To satisfy this verification requirement, the motion for reinstatement must either be verified or serve as the functional equivalent of a verified motion. *See Young v. DiFerrante*, 553 S.W.3d 125, 129-30 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). A motion to reinstate must be filed within thirty days of the date the dismissal order is signed or within the period provided by rule 306a. Tex. R. Civ. P. 165a(3). If the plaintiff does not file a timely motion to reinstate that satisfies the verification requirement, the trial court's plenary power expires thirty days after the date of the dismissal order. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *Gillis*, 554 S.W.3d at 192. Moreover, if the plaintiff does not file a timely motion to reinstate that satisfies the verification requirement, the deadline to file a notice of appeal is, at most, forty-five days after the date of the dismissal order, which includes the thirty-day deadline and a fifteen-day extension period. *See Gillis*, 554 S.W.3d at 192; *see also Watson*, 2015 WL 780563, at *3 (citing Tex. R. App. P. 26.1, 26.3, and *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to rule 26 and holding a motion for extension of time is implied when appellant files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day grace period provided by rule 26.3 for filing a motion for extension of time)); *Ameriquest Mortg. Co. v. Marron*, No. 14-13-00340-CV, 2013 WL 2444602, at *1-2 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (mem. op.). In the absence of a timely notice of appeal, we lack jurisdiction over an attempted appeal. *See Gillis*, 554 S.W.3d at 192; *Watson*, 2015 WL 780563, at *3; *Ameriquest*, 2013 WL 2444602, at *4.

4

The Jarrell Parties filed their notice of appeal more than forty-five days after the date of the trial court's dismissal order; accordingly, if they failed to timely file a motion to reinstate that satisfies the verification requirement, we lack jurisdiction to consider their appeal. *See Gillis*, 554 S.W.3d at 192. Thus, we must decide whether the Jarrell Parties filed a motion to reinstate that satisfies the verification requirement within thirty days of the dismissal order, or if not, whether the Jarrell Parties established the right to an extended period under rule 306a and filed such a motion within the extended period.

The Jarrell Parties did not file a motion to reinstate that satisfies the verification requirement within thirty days of the date the dismissal order was signed. The Jarrell Parties concede that their March 9 motion to reinstate, though timely, was not verified. The Jarrell Parties did not attach any affidavits to their March 9 motion, and this motion is not the functional equivalent of a verified motion. *See Young*, 553 S.W.3d 125, 129-30. The Jarrell Parties filed a verified Amended Motion on March 22, which was not within thirty days of the dismissal order. *See Butts*, 705 S.W.2d at 697 (holding that appellate timetable not extended unless verified motion to reinstate is filed within thirty days of dismissal order; amended motion filed more than thirty days after order does not extend appellate timetable); *see also Ameriquest*, 2013 WL 2444602, at *1-2; *Owen v. Hodge*, 874 S.W.2d 301, 303 (Tex. App.—Houston [1st Dist.] 1994, no writ) (holding court of appeals lacked appellate jurisdiction under *Butts* when an unverified motion to reinstate was filed within thirty days but amended to add verification more than thirty days after the dismissal order). Therefore, the Jarrell Parties' notice of appeal, filed eighty days after the final judgment, is untimely unless the Jarrell Parties established entitlement to an extended period under rule 306a. *See* Tex. R. App. P. 26.1; Tex. R. Civ. P. 165a(3).

5

Texas Rule of Civil Procedure 306a, entitled "Periods to Run From Signing of Judgment," provides a procedure to modify the post-judgment timetables so that the time begins on the date that the party or the party's counsel first received notice or acquired actual knowledge of the signing of the judgment. *See* Tex. R. Civ. P. 306a(4), (5). To take advantage of the extended time period provided in rule 306a(4), the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date upon which the party or the party's attorney first either received notice of the judgment or acquired actual knowledge of its signing, and that this date was more than twenty days after the date the judgment was signed. Tex. R. Civ. P. 306a(5). The purpose of a sworn motion is to establish a prima facie case of lack of timely notice, thereby invoking the trial court's otherwise-expired jurisdiction for the limited purpose of conducting an evidentiary hearing to determine the date on which the party or the party's counsel first received notice or acquired knowledge of the judgment. *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding); *Ameriquest*, 2013 WL 2444602, at *2; *Nathan A. Watson Co. v. Emp'rs Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.). In addition, Texas Rule of Appellate Procedure 4.2 states that after a hearing on a rule 306a motion, "the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." Tex. R. App. P. 4.2(c).

In their Amended Motion, the Jarrell Parties sought relief under rule 306a and alleged that their counsel did not receive timely notice of the dismissal order or acquire actual knowledge of the order until March 9. Rule 306a specifies that the party must prove "the date on which the *party or his attorney* first either received a notice of the judgment or acquired actual knowledge of the signing." Tex. R. Civ.

6

P. 306a(4) (emphasis added). The Supreme Court of Texas, our court, and others have construed this language to require parties to present evidence establishing the date or dates on which the party and the party's counsel first received notice or acquired actual knowledge of the judgment. *See In re Lynd Co.*, 195 S.W.3d at 685 (stating that the procedural timetables and the trial court's plenary power run from the date of the trial court's final judgment unless a party complies with the requirements of rule 306a(5), including the requirement that the party file a sworn motion establishing the date the party or its counsel first learned of the judgment); *In re Jamea*, No. 14-10-00228-CV, 2010 WL 2968044, at *6-7 & n.4 (Tex. App.— Houston [14th Dist.] July 29, 2010, orig. proceeding) (mem. op.) (holding that the sworn motion under rule 306a(5) must show lack of notice or actual knowledge within twenty days as to both the party and the party's counsel to make a prima facie showing of lack of timely notice under rule 306a(4)); *see also In re J.S.*, 392 S.W.3d 334, 338 (Tex. App.—El Paso 2013, no pet.) (same); *City of Laredo v. Schuble*, 943 S.W.2d 124, 126 (Tex. App.—San Antonio 1997, orig. proceeding) (same); *In re Simpson*, 932 S.W.2d 674, 677-78 (Tex. App.—Amarillo 1996, no writ) (same). Unless the movant in the sworn motion makes a prima facie showing of the dates upon which the movant and the movant's attorney first either received notice of the judgment or acquired actual knowledge of its signing, the trial court's plenary power is not reinvoked and the trial court is without jurisdiction to conduct a hearing under rule 306a(5). *See In re Lynd Co.*, 195 S.W.3d at 685; *In re Jamea*, 2010 WL 2968044, at *5-6. In their Amended Motion, the Jarrell Parties address only notice and actual knowledge as to their counsel; they do not negate the possibility that they received notice or acquired actual knowledge within twenty days after the trial court signed the dismissal order. Based on *In re Lynd Company*, *Jamea*, and like authority, we must conclude that the Jarrell Parties did not comply with rule 306a(5)'s requirement that they file a sworn motion establishing the date

7

on which they or their attorney first either received notice of the order or acquired actual knowledge of the dismissal order's signing. *See In re Lynd Co.*, 195 S.W.3d at 685; *In re Jamea*, 2010 WL 2968044, at *6-7. Therefore, in their Amended Motion the Jarrell Parties did not make the prima facie showing required under the rule, and thus they did not re-invoke the trial court's jurisdiction after jurisdiction expired on March 12. *See In re Lynd Co.*, 195 S.W.3d at 685; *In re Jamea*, 2010 WL 2968044, at *5-7 & n.4; *In re J.S.*, 392 S.W.3d at 338; *Schuble*, 943 S.W.2d at 126; *In re Simpson*, 932 S.W.2d at 677-78.

In addition, even if the Jarrell Parties' sworn motion had been sufficient to re-invoke the trial court's jurisdiction, they still would have had the burden of proving at the March 29 hearing the date upon which they or their counsel first either received notice of the dismissal order or acquired actual knowledge of its signing. *See* Tex. R. Civ. P. 306a(5); *In re Lynd Co.*, 195 S.W.3d at 685; *In re Jamea*, 2010 WL 2968044, at *5-7 & n.4. No record was made of the proceedings at the hearing. The Jarrell Parties do not assert on appeal that any party submitted evidence at the hearing, and they rely only on the Amended Motion as proof of this point. Presuming that the trial court properly could have considered the Amended Motion as evidence at the hearing, this motion does not establish the date upon which the Jarrell Parties or their counsel first either received notice of the dismissal order or acquired actual knowledge of its signing. Thus, even if the trial court were to have had jurisdiction to make a finding under rule 306a(5), the Jarrell Parties have not shown that the trial court would have erred in finding that they did not meet their burden of proof under rule 306a(5). *See* Tex. R. Civ. P. 306a(5); *In re Lynd Co.*, 195 S.W.3d at 685; *In re Jamea*, 2010 WL 2968044, at *5-7 & n.4.

Accordingly, we hold that the deadline for filing a verified motion to reinstate was not extended by application of rule 306a(4). *See In re Lynd Co.*, 195

S.W.3d at 685; *In re Jamea*, 2010 WL 2968044, at *5-7 & n.4.; *Ameriquest*, 2013 WL 2444602, at *3.  The notice of appeal filed on May 1 is therefore untimely, and we lack jurisdiction over the appeal.

## Conclusion

We lack jurisdiction over this appeal, and we dismiss the appeal.


/s/     Kevin Jewell
Justice


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot (Jewell, J., concurring).