Opinion issued March 12, 2020



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-18-00290-CV

———————————

### JEFFREY A. HARBERSON, Appellant

### V.

### BRIANNE STRICKLAND, Appellee

---

### On Appeal from the 405th District Court
### Galveston County, Texas
### Trial Court Case No. 16-CV-0861

---

## MEMORANDUM OPINION

The trial court dismissed pro se appellant Jeffrey A. Harberson's suit against appellee Brianne Strickland for want of prosecution after Harberson failed to appear at pretrial conference or to notify the trial court that he was unable to

attend. In one issue, Harberson complains that the trial court erred in granting the motion and dismissing his suit.

We affirm.

## Background

On July 27, 2016, Harberson filed suit against Strickland in Galveston County district court. At the time, Harberson was represented by counsel. The suit alleged that, in August 2014, Strickland's motor vehicle collided with Harberson's motorcycle. Harberson asserted that Strickland's negligence had caused the accident. Harberson claimed that he suffered personal injuries and property damage to his motorcycle as a result of the accident. Strickland answered the suit, generally denying the allegations and asserting several defenses.

On October 31, 2016, the trial court signed a docket control order setting trial for November 16, 2017. Over the next year, the parties engaged in discovery.

On September 19, 2017, Harberson filed an agreed motion for continuance to give him more time to complete discovery. The trial court granted the motion.

On October 12, 2017, the trial court signed an amended docket control order, setting trial for March 12, 2018. The docket control order set a pretrial conference for February 20, 2018. It notified the parties that the court would hear announcements of the parties and consider written motions for continuance at the pretrial conference. The docket control order also notified the parties as follows:

2

"Failure to appear [at the pretrial conference] will be grounds for dismissal for want of prosecution or default judgment."

On December 6, 2018, Harberson's attorney, M. Faggard, filed a motion to withdraw as Harberson's counsel. In the motion, Faggard stated that Harberson (1) requested that he withdraw as his attorney and (2) had "terminated the attorney client relationship" between them. Faggard also attached a copy of the amended docket control order to the motion. Faggard informed the trial court that he was providing the amended docket control order to Harberson. On December 7, 2018, the trial court granted the motion, permitting Faggard to withdraw as Harberson's attorney.

As provided in the Amended Docket Control Order, the trial court conducted a pretrial conference on February 20, 2018. Harberson did not appear at the pretrial conference, nor did he inform the trial court that he could not attend.

On February 21, 2018, Strickland filed a motion to dismiss Harberson's suit. Strickland pointed out that Harberson had failed to appear at the pretrial conference and had not notified the trial court of "his inability to appear even if he was unable to appear." The trial court set the motion to dismiss for submission on March 6, 2018. The certificate of service attached to the submission notice, signed by Strickland's attorney, stated that the notice was served in compliance with Rules of Civil Procedure 21 and 21a. *See* TEX. R. CIV. P. 21, 21a.

After failing either to appear at the February 20 pretrial conference or to notify the trial court that he could not appear, Harberson sent a letter to the trial court postmarked February 28, 2018. In the letter, he stated that he had been in prison since November 2017. Harberson did not mention the pretrial conference that he had missed. He stated that he was attempting to retain new counsel but had been unsuccessful. Harberson requested the trial court to issue a bench warrant to permit him to represent himself at the March 12 trial. If a bench warrant was not issued, Harberson requested a continuance of the trial.

The letter was file-stamped by the Galveston District Clerk's Office on March 2, 2018, but a handwritten notation indicates that the letter was received by the clerk "in civil" on March 8, 2018. That same day (March 8) the trial court signed an order granting Strickland's motion to dismiss, which was based on Harberson's nonappearance at the February 20 pretrial conference.

Harberson timely appealed the dismissal order.

### Dismissal for Failure to Appear at Pretrial Conference

On appeal, Harberson requests that the trial court's dismissal order be reversed, and the case be remanded to the trial court. In what we construe as his sole issue on appeal, Harberson complains that the trial court erred in granting the motion and dismissing his suit.

## A. Standard of Review

We review a dismissal for want of prosecution under a clear abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Wright v. Tex. Dep't of Crim. Justice–Inst'l Div.*, 137 S.W.3d 693, 696 (Tex. App.—Houston [1st Dist.] 2004, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). Merely because a trial court may decide a matter within its discretion differently than an appellate court would in similar circumstances does not demonstrate an abuse of discretion. *Ringer v. Kimball*, 274 S.W.3d 865, 867 (Tex. App.—Fort Worth 2008, no pet.).

## B. Analysis

A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the court's inherent authority. *See* TEX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Relevant here, a trial court may dismiss a case pursuant to Rule 165a(1) based on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." *See Villarreal*, 994 S.W.2d at 630 (citing TEX. R. CIV. P. 165a(1)).

In this case, the trial court's order provides that it dismissed Harberson's suit based on Strickland's motion to dismiss. The motion requested dismissal because

5

Harberson did not appear at the February 20, 2018 pretrial conference "although [he was] duly notified to appear." The motion also pointed out that Harberson did not notify the trial court, before the pretrial conference, that he was unable to attend. Harberson appears to question on appeal whether he had notice of the pretrial conference setting. A review of the record shows that Harberson did receive notice.

When Harberson's attorney withdrew (based on Harberson's request) in December 2017, the attorney represented to the trial court that he was sending a copy of the amended docket control order to Harberson. The amended docket control order notified the parties that the pretrial conference was set for February 20, 2018. It warned, "Failure to appear [at the pretrial conference] will be grounds for dismissal for want of prosecution or default judgment."

Moreover, Harberson's February 28 letter, requesting a bench warrant or a continuance, shows that Harberson was aware of the March 12 trial setting. Thus, it is reasonable to infer that he was also aware of the February 20 pretrial conference setting.

Rule 165a(1) also requires that notice of the trial court's intention to dismiss and the date and place of the dismissal hearing must be sent by the clerk to each attorney of record and to each party not represented by counsel. TEX. R. CIV. P. 165a(1). In its notice, the trial court stated that Strickland's motion to dismiss

6

would be submitted on March 6, 2018, at 4:00 p.m. The notice was sent to Strickland's attorney and instructed Strickland to file a notice of submission with the trial court and "all parties." But it is unclear whether the trial court's notice was sent to Harberson.

Strickland filed a submission notice reflecting the date and time of submission. The certificate of service attached to the submission notice, signed by Strickland's attorney, stated that the notice was served in compliance with Rules of Civil Procedure 21 and 21a. *See generally* TEX. R. CIV. P. 21, 21a; *see also id.* 21a(e) (providing that "a certificate by a party or an attorney of record, . . . showing service of a notice shall be prima facie evidence of the fact of service").[1] In any event, Harberson does not challenge the adequacy of the trial court's notice of its intent to dismiss his case, and we need not decide whether Harberson was adequately notified.[2] *See Bechem v. Reliant Energy Retail Servs., Inc.*, No. 01-18-00878-CV, 2019 WL 4065274, at *3 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, pet. filed) (noting that appellant did not challenge adequacy of trial court's

---

[1] In the letter accompanying his appellate brief, Harberson indicates that he "never received notification" of the filing of Strickland's motion to dismiss. However, the certificate of service for the motion indicates that it was served "in accordance with the Texas Rules of Civil Procedure." *See* TEX. R. CIV. P. 21, 21a.

[2] As discussed *infra*, even if notice was inadequate, Harberson waived any complaint about it because he did not file a motion to reinstate after becoming aware of the dismissal order. An appellant waives complaints about due process violations when he had the opportunity to file a timely motion to reinstate (as Harberson did here) and fails to do so. *See Wright v. Tex. Dep't of Crim. Justice–Inst'l Div.*, 137 S.W.3d 693, 696 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

notice to dismiss bill of review proceeding); *Gillis v. Harris Cty.*, 554 S.W.3d 188, 190 n.1 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("[B]ecause Gillis does not challenge the notice provided in this case, we offer no opinion regarding the sufficiency of that notice."); *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.) (mentioning that plaintiff did not challenge adequacy of notice).

Rule 165a further requires that, at the dismissal hearing, the trial court "shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket." TEX. R. CIV. P. 165a(1). The trial court's order, dismissing Harberson's suit, states that the trial court considered Strickland's motion to dismiss and signed the dismissal order on March 8, 2018. At that time, the record before the trial court showed that Harberson had not appeared for the pretrial conference on February 20 (of which he had notice), nor had he informed the trial court before the pretrial conference that he could not attend.

Harberson also did not file a response to Strickland's motion or a motion to retain his case on the trial court's docket. Harberson points to his February 28 letter, filed by the Galveston District Clerk's Office on March 2, as a reason that the trial court's dismissal order should be reversed and his case remanded. [3] The

---

[3] Harberson recognizes that, although his February 28 letter was filed in the district clerk's office before the trial court granted the motion to dismiss, a notation on the letter, stating that the letter was received by the clerk "in civil" on March 8,

8

letter requested a bench warrant for Harberson to appear pro se at trial on March 12 because he was incarcerated. The letter alternatively requested the trial court to grant a continuance of trial. Harberson's February 28 letter did not address Strickland's motion to dismiss or his failure to appear at the pretrial conference. The letter focused on attaining relief related to Harberson's representation at the March 12 trial setting. Therefore, even assuming the trial court saw the letter before granting the motion to dismiss, it would have been reasonable for the trial court not to have considered the letter as either a response to the dismissal motion or as a motion to retain the suit.

Finally, although the record shows that he had notice of the order dismissing his case less than 30 days after it was signed, Harberson did not file a motion to reinstate his case. *See* TEX. R. CIV. P. 165a(3) (providing that motion to reinstate "shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a"). We have held that, "when an appellant has the time and opportunity to file a motion for reinstatement that could raise a claimed error, he waives any due process rights if he fails to file such motion." *Wright*, 137 S.W.3d at 695. A motion to reinstate would have provided Harberson an opportunity to develop facts not in the record, such as information regarding his incarceration, and would have afforded the trial court an opportunity to correct any

indicates that the letter may not have been included in the case file at the time the court granted the dismissal motion.

error. *See Maida v. Fire Ins. Exchange*, 990 S.W.2d 836, 838 n.1 (Tex. App.—Fort Worth 1999, no pet.); *Hosey v. Cty. of Victoria*, 832 S.W.2d 701, 703–04 (Tex. App.—Corpus Christi 1992, no writ); *see also Wright*, 137 S.W.3d at 695 (holding that because he received notice of dismissal with ample time to file motion to reinstate, appellant could have brought his claims to attention of trial court and, having failed to do so, prevented opportunity for trial court to correct errors).

On this record, we hold that Harberson has not shown that the trial court abused its discretion when it granted Strickland's motion to dismiss based on Harberson's failure to appear at the pretrial conference. *See* TEX. R. CIV. P. 165a(1). Accordingly, we overrule Harberson's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Richard Hightower
Justice

Panel consists of Justices Keyes, Lloyd, and Hightower.