**Opinion issued February 4, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00865-CV

————————————

## IN RE AZHAR MAHMOOD CHAUDHARY AND AZHAR CHAUDARY LAW FIRM, PC, Relators

———

### Original Proceeding on Petition for Writ of Mandamus

———

### CONCURRING OPINION

When a statute requires a jurat to be in "substantially" a certain form, and the jurat has everything it needs except the declarant's birthday, what should happen? The answer may depend on which court of appeals hears the case.

I.

Section 132.001 of the Texas Civil Practice and Remedies Code allows for "an unsworn declaration [to] be used in lieu of a written sworn declaration,

verification, certification, oath, or affidavit required by statute or required by rule, order, or requirement adopted as provided by law." TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a).

Any such unsworn declaration "must be: (1) in writing; and (2) subscribed by the person making the declaration as true under the penalty of perjury." *See id.* § 132.001(c). Additionally, an unsworn declaration made under this section must also "include a jurat." *See id.* §§ 132.001(d)–(f).

Helpfully, the Legislature provided exemplars of the required jurats and stated that in an unsworn declaration, the jurat used must be "in substantially the . . . form" provided. *Id.* The statute then offers sample forms in subsections (d), (e), and (f):

(d) *Base form*: name, birthday, address, reference to perjury

(e) *Inmate form*: name, birthday, inmate number, prison unit, reference to perjury

(f) *Public employee form*: name, agency, reference to perjury

Thus, two of the three sample forms speak of a birthday, whereas all of them require a name and a reference to being made under penalty of perjury.

The general use unsworn verification must include a jurat which substantially conforms to the following:

"My name is _____ ,
              (First)          (Middle)         (Last)

my date of birth is _____ , and my address is

_____ , _____ , _____ , _____ ,
(Street)               (City)          (State)        (Zip Code)

and _._____ I declare under penalty of
(Country)

perjury that the foregoing is true and correct.

Executed in _____ County, State of _____ ,
on the _____ day    of _____ , _._____
                 (Month)           (Year)

_____
Declarant"

TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(d).

Given this form, one could reasonably conclude that the inclusion of the declarant's birthday was fairly insignificant, with the key lying in the statement about being made under penalty of perjury. *See Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 291 (Tex. App.—Tyler 2021, pet. denied) ("Although the declaration jurat fails to contain [the declarant's] address and date of birth, such an omission is not fatal . . . . Rather, the key to an unsworn declaration is that it must be signed under penalty of perjury." (internal quotations omitted)); *see also Gillis v. Harris Cnty.*, 554 S.W.3d 188, 193 (Tex. App.—Houston [14th Dist.] 2018, no pet.). But that position might have come under a cloud after *Hays Street Bridge Restoration Group v. City of San Antonio*. There the Supreme Court faced an eleventh-hour effort by a respondent to establish mootness based on an unsworn

3

declaration by a city employee. *Hays Street Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 702 (Tex. 2019).

The court rejected the city employee's declaration as (A) conclusory and (B) lacking a birthday in the jurat. *Id.* at 702–03 & n.15. The court did not explain why a city employee needed to supply a birthday at all, given that subsection (f) of the statute does not require one. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(f). In the wake of *Hays Street*, lower courts have gone different ways about birthdays.[1]

By way of example, in 2021, our sister court in Tyler concluded that an unsworn declaration was sufficient despite the fact that its jurat did not include the declarant's address or date of birth, but it was in writing and signed under penalty of perjury. *See Baylor Scott & White*, 633 S.W.3d at 291. The Tyler court's conclusion

---

[1] *See Mock v. St. David's Healthcare P'Ship, LP, LLP*, No, 03-22-00708-CV, 2025 WL 3114017, at *4 (Tex. App.—Austin Nov. 7, 2025, no pet.) (mem. op.) (concluding declaration failed to "substantially comply" with Texas Civil Practice and Remedies Code section 132.001(d) because declarant failed to include birthdate and address); *but see In re Cook Compression*, No. 04-20-00517-CV, 2020 WL 6928397, at *2–3 (Tex. App.—San Antonio Nov. 25, 2020, orig. proceeding) (mem. op.) (concluding unsworn declaration that failed to include declarant's date of birth, address, and county and state it was signed in nonetheless substantially complied with section 132.001(d), because "main requirements are that the declaration be in writing and subscribed by the person making the declaration as true under penalty of perjury"); *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 291 (Tex. App.—Tyler 2021, pet. denied) (concluding "declaration state[d] that it [was] made under penalty of perjury, and . . . that its shortcomings [were] not fatal and that [the declaration was] admissible").

arguably runs afoul of *Hays Street* , but *Hays Street* was not discussed by the parties, and the Texas Supreme Court denied a petition for review.

## II.

In this original proceeding, relators, Azhar Mahmood Chaudhary and Azhar Chaudhary Law Firm, PC, argued that the declaration jurat of Lloyd E. Kelley, counsel for real party in interest, Hamzah Ali, in support of Ali's motion to reinstate, failed to substantially conform to the jurat exemplar identified in the statute. Therefore, relators argued, the jurat was insufficient to support the motion to reinstate, which was then not verified as required by Texas Rule of Civil Procedure 165a(3). Absent a verified motion to reinstate, the trial court's July 25, 2024 order was signed after its plenary power had expired, and was therefore void.

The jurat of Kelley included in the motion to reinstate was as follows:

JURAT

My name is Lloyd Kelley and my mailing address 2726 Bissonnet Ste 240 PMB 12, Houston Texas 77005. I declare under penalty of perjury that the foregoing is true and correct. Executed on this June 10, 2024.

_____/s/ Lloyd E. Kelley_____
Lloyd E. Kelley

This jurat did not include Kelley's date of birth.

As discussed, the intermediate courts have been of two minds about the role of a declarant's birthday in an unsworn declaration. In addition, a third possible position would be that a no-birthday declaration is procedurally effective as a

5

verification but substantively ineffective at supplying any competent evidence. *See*
*Garza v. Garcia*, 137 S.W.3d 36, 38 (Tex. 2004) (motion for new trial without filing
fee held procedurally effective to extend timetables, but not substantively effective
to present complaint). On that view, Kelley's declaration kept plenary power alive
but did not supply any evidence that could be relied on.

Given this specific mandamus record, and mindful of the specifics relating to
error preservation regarding the form of this jurat, I agree in denying relief here. But
in a proper case, it would be helpful to have further clarification from the Texas
Supreme Court about what it means for an unsworn declaration jurat to
"substantially" conform with the statute.


David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Gunn, J., concurring.